**BALDWIN**

v.

**HARTFORD ACCIDENT & INDEMNITY CO. et al.**

**Civ. A. No. 62-52.**

United States District Court
D. Nebraska, Lincoln Division.

Oct. 7, 1953.

See also 14 F.R.D. 504.

George Healey, Richard D. Wilson, Robert A. Barlow, Jr., Davis, Healey, Davies & Wilson, Lincoln, Neb., for plaintiff.

G. L. DeLacy, L. J. Tierney, Edward A. Mullery, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for defendant Hartford Accident & Indemnity Co.

H. A. Brubaker, Brubaker & Brubaker, Nelson, Neb., George F. Johnson, Jr., Superior, Neb., William C. Hastings, Chambers, Holland & Groth, Lincoln, Neb., LaRue Royce, H. H. Dunham, Jr., Royce, Hampton, Dunham, Royce & Engleman, Salina, Kan., Robert VanPelt, VanPelt, Marti & O'Gara, Lincoln, Neb., Harvey W. Hess, Hebron, Neb., and Hubka & Hubka, Beatrice, Neb., for other defendants.

DELEHANT, District Judge.

In three separate pleadings, filings 122, 121 and 110, the defendant Hartford Accident and Indemnity Company has objected to requests for admissions severally served and filed herein by (a) Osborne Livestock Commission Company, (b) Beverly Livestock Sales Company, and (c) Salina Sales Pavilion. Each objection asserts, concerning the request at which it is aimed, (a) that the request is not for the admission of facts, but rather a narrative statement con-

taining many conclusions and couched in such indefinite language as to preclude the possibility of its admission; (b) that the information sought is largely within the knowledge of Vernon F. Kuhlmann who has refused to furnish information to Hartford, in consequence of which Hartford cannot answer the questions; and (c) that Hartford has furnished copies of certain portions of the material requested and should be absolved from the duty of further showing with respect thereto.

The court does not consider that in the context of the present litigation the objections identified by the letters (b) and (c) are adequate to absolve Hartford from the obligation to answer the requests for admissions. Certainly, those objections could have no such effect as to *every* item contained in the requests; and the objections are made to the requests in their entirety.

 However, the objections to the structure and general content of the several requests for admissions are well taken. The court has carefully examined all of the requests for admissions at which objections are directed, and finds that they almost achieve the status of an example of how not to prepare requests for admissions under Fed.Rules Civ. Proc. rule 36, 28 U.S.C.A. By way of illustration, the request of Salina Sales Pavilion in some twenty-seven numbered paragraphs covers sixteen pages of typewritten material. Its first proposed "fact" is expressed in approximately 560 words, covers in a running narrative operations over a lapse of about ten years, and along with facts, asks assent to conclusions, both legal and factual. Its conclusions should be largely, if not entirely, eliminated. The statement of its facts should be simplified through their assertion, in many separate and successive paragraphs, each dealing with a single fact, of material which is now lumped together in a single declaration. It is true that the paragraph just criticized is probably the one most objectionable in the entire group. But that is by no means certain.

Hartford ought surely to be required to respond to requests for admissions in respect of so much of the material sought as deals with matters of fact. It should not be required either to agree to, or argumentatively or otherwise to dissent from, the conclusions of its demanding adversaries. The court is persuaded, therefore, that an opportunity should be accorded to the defendants making the demands for admissions to recast their requests, with due regard to the criticisms made against them by Hartford to the extent that such criticisms are herein approved. The order granting and sustaining the objections, therefore, allows the reframing of the requests for admissions within a specified time which is believed to be adequate for that purpose.