**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**MICRO-MOISTURE CONTROLS, Inc., Louis Levin, John Herschorn, Gershon Kaplan, Garland L. Culpepper, Jr., Albert J. Grayson, George Phillip Barton, Rudolph V. Klein, doing business as R. V. Klein Company, Jack Gold, Robert C. Leonhardt, Rockwell Securities Corporation, A. J. Grayson & Co., Incorporated, Brown, Barton & Engel, I. W. Page & Co., Incorporated, and McGrath Securities Corporation, Defendants.**

United States District Court
S. D. New York.
Oct. 31, 1957.

See also 148 F.Supp. 558.

Paul Windels, Jr., Regional Administrator, William D. Moran, Asst. Regional Administrator, New York City, John J. Devaney, Jr., Chief, Branch of Enforcement, Edward O. B. Reid, Attorney, Securities and Exchange Commission, New York City, for plaintiff.

Gordon, Brady, Caffrey & Keller, New York City, Milton E. Mermelstein, Stephen Bermas, New York City, of counsel, for defendants Brown, Barton & Engel and George Phillip Barton.

John H. Kelley, New York City, for defendants Garland L. Culpepper, Jr., and Rockwell Securities Corp.

Colton & Pinkham, New York City, for defendants McGrath Securities Corporation and Robert C. Leonhardt.

Edward A. Kole, New York City, for defendant Rudolph V. Klein.

LEVET, District Judge.

Here, this court is required to rule upon a number of objections raised by various defendants to four sets of requests for admissions served by plaintiff pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The action, brought by plaintiff pursuant to Section 20(b) of the Securities Act of 1933, 15 U.S.C.A. § 77t(b), is for a permanent injunction restraining the defendants from selling or otherwise dealing in certain shares of common stock of the defendant Micro-Moisture Controls, Inc.

Upon the trial it may be necessary to consider numerous detailed financial transactions in order to arrive at a determination of the ultimate factual and legal issues involved in this action. Simple, direct and concise admissions by the various defendants pursuant to Rule 36 of the Federal Rules of Civil Procedure would be of invaluable assistance. Unfortunately, however, plaintiff in drafting a number of its requests for admissions has employed two practices which make simple, direct and concise admissions impossible.

■ One of these practices is to seek admissions with respect to all or part of the contents of certain affidavits heretofore filed in this action and incorporated by reference into the request for admissions. For example, in item 1 of the request for admissions served upon defendants McGrath Securities Corporation and Robert C. Leonhardt, plaintiff requests said defendants to admit the contents of a twelve-page affidavit. Items 2, 3 and 4 of the request attempt to incorporate by reference portions of three other affidavits on file in this action.

Such incorporation by reference is improper since it unjustly casts upon the defendants the burden of determining at their peril what portions of the incorporated material contain relevant matters of fact which must either be admitted or denied.

A case in point is Kraus v. General Motors Corporation, D.C.S.D.N.Y., 1939, 29 F.Supp. 430, wherein Judge Vincent L. Leibell, in sustaining objections to a similar attempt at incorporation by reference, stated:

" * * * I am of the opinion that a request to admit should specifically set forth the relevant matters of fact on which an admission of truth is sought. The wording of Rule 36(a) and Form 25 so indicate. See, also, Walsh v. Connecticut Mutual Life Ins. Co., D.C., 26 F.Supp. 566; McCrate v. Morgan Packing Co., D.C., 26 F.Supp. 812. The person called upon to make the admission should not be required to go through the document and assume the responsibility of determining what are 'relevant matters of fact' and then decide what admissions he should make."
At page 431.

Just how indirect this practice of incorporation by reference can become is illustrated in item 8 of the request for admissions served upon the defendants McGrath and Leonhardt. There, reference is made to stock purchased "in the nine transactions described in paragraph 4 hereof." Turning to paragraph 4, the reader is confronted with the following:

"4. Contents of paragraphs 1, 2 and 3 of supplemental affidavit of Edward O. B. Reid, Esq., dated February 25, 1957 on file in this action, together with the genuineness of the documents annexed thereto as Exhibits Nos. 1 and 2 thereof."

This generates needless confusion because of reference and cross-reference.

A second unfortunate practice employed by plaintiff with respect to a number of the requests is the use of lengthy multi-factual statements in which fact, argument and conclusion are often interwoven. The most extreme example of this appears in item 6 of the request for admissions served upon defendants McGrath and Leonhardt. This paragraph contains a 200 word narrative in which plaintiff employs such phrases as *"principal* traders," *"direct* business relationship," *"substantial* purchases" and *"active* and *substantial* personal securities account." (Emphasis supplied.)

■ It is well settled that requests for admissions under Rule 36 of the Federal Rules of Civil Procedure are required to be simple and direct, and should be limited to singular relevant facts. See Petition by Reinauer Oil Transport, Inc., D. C.D.Mass., 1956, 19 F.R.D. 5; United States v. New Wrinkle, Inc., D.C.S.D. Ohio, 1954, 16 F.R.D. 35; Baldwin v. Hartford Accident & Indemnity Co., D.C. D.Neb., 1953, 15 F.R.D. 84.

Manifestly, requests such as plaintiff's item 6 fail to comply with this requirement and can only result in qualified and equivocating admissions which would be of little value upon the trial of this action. The argumentative and conclusory language noted above should be eliminated and the statement of facts should be simplified by their assertion in separate and successive paragraphs, each dealing with a single fact. See Baldwin v. Hartford Accident & Indemnity Co., supra.

In accordance with the foregoing discussion, defendants' objections to the fol-

lowing requests are sustained as to form and said requests are stricken, with leave given to plaintiff to serve amended requests, in proper form, covering this material:

As to defendants McGrath and Leonhardt

Items 1 through 4 and 6 through 19.

As to defendants Brown, Barton & Engel, Incorporated, and George Phillip Barton

Items 2, 5, 8 and 9.

As to defendant Rudolph v. Klein

Items 1 and 2.

As to defendants Culpepper and Rockwell Securities Corporation

Item 1.

The court is not at this time ruling upon objections with respect to the relevancy or materiality of any of the foregoing items.

So ordered.