**Lloyd E. RABJOHN, Plaintiff,**

v.

**MINUTE MAID CORPORATION, a Florida Corporation, Defendant.**

United States District Court
S. D. New York.

July 18, 1958.

Humphrey Statter, New York City, for plaintiff.

Kenyon & Kenyon, New York City, for defendant.

CASHIN, District Judge.

This is a motion by plaintiff for an order either striking defendant's responses to plaintiff's request for admissions served pursuant to Rule 36(a), 28 U.S.C.A., and establishing, as admitted, the facts set forth in the request, or directing defendant to serve an amended response in compliance with Rule 36(a).

█ I do not deem it necessary to review, in detail, the request for admissions and the responses served thereto. There is not before me any objections to the request, as is provided for in Rule 36(a). Thus, the propriety of the request is not in issue. Similarly, there is not properly before me the adequacy of defendant's responses. Rule 36(a) spe-cifically provides for a method whereby the party upon whom the request is served may test whether the requests are proper. However, the Rule is completely silent as to any complementary method available for testing the responses. Rather, Rule 37(c) provides for the sanction in the event admissions of fact are not made and the refusal to admit is without substantial reason. The method available to the party serving the request which gives efficacy to Rule 36(a) is that the trial Court may order the party not admitting the facts to pay to the other party the reasonable expenses incurred in proving such facts, including reasonable attorneys' fees.

█ I am not unaware of the fact that there can be found cases holding otherwise. See e. g. Heng Hsin Co. v. Stern, Morgenthau & Co., Inc., 20 F.R. Serv. 36a.52, Case 1 (S.D.N.Y.1954) and United States Plywood Corp. v. Hudson Lumber Co., D.C.S.D.N.Y.1954, 127 F. Supp. 489. However, I believe the correct interpretation of Rules 36 and 37 is as indicated above. This conclusion is buttressed by the history of Rule 36 itself. The Rule, as originally promulgated, did not make any provision for objections to the request for admission itself. In interpreting the Rule the courts reached varying conclusions as to whether there was any method available for testing the propriety of the request. See 4 Moore's Federal Practice, 2nd Ed. § 36.-05. The amendment of 1946 specifically provided for such a method. However, no provision was inserted at that time specifically providing for a method of testing the propriety of responses. If the rulemakers, presumably well aware of the problem, failed to set out any such specific procedure, they must be deemed to have intended that no procedure would be available. See also 4 Moore's Federal Practice, 2nd Ed. § 36.06 at p. 2723.

The motion is denied.

It is so ordered.