**UNITED STATES of America,**
**Plaintiff,**

v.

**WATCHMAKERS OF SWITZERLAND**
**INFORMATION CENTER, INC.,**
**et al., Defendants.**

United States District Court
S. D. New York.

Oct. 26, 1959.

On Objection to Plaintiff's Request for
Admission of Facts Nov. 19, 1959.

On Objection to Plaintiff's Request for
Admission of Genuineness of Documents Dec. 16, 1959.

See, also, 168 F.Supp. 904; 25 F.R.
D. 203.

Richard B. O'Donnell, New York City, Chief, New York Office Antitrust Division, Mary Gardiner Jones, Cold Springs Harbor, N. Y., Attorney, Department of Justice, for United States.

Goodwin, Danforth, Savage & Whitehead, New York City, James V. Hayes, William P. Clare, Jr., Esq. and John A. Manning, New York City, of counsel, for defendants Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S. A.

CASHIN, District Judge.

I will first dispose of the Government's motion which was argued on October 19, 1959, which sought an order, pursuant to Rules 36 and 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. that—

(1) the authenticity of all documents, which were the subject matter of the Government's request for admissions dated September 11, 1959, be deemed admitted; or

(2) the defendants Longines and Wittnauer give further answers to said request, unequivocally admitting or denying the authenticity of the documents; or

(3) the defendants Longines and Wittnauer be assessed at this time with the prospective costs of proving the authenticity of the documents not admitted.

█ I find myself constrained to deny the motion of the Government in its entirety. While it is true that there is some authority for ordering further answers to requests for admissions of genuineness of documents, I do not believe that this is the proper case for the exercise of such authority, even if it does exist. On the basis of information presently before the court, except for certain oversights which defendants Longines and Wittnauer have agreed to correct, all documents, whose authenticity is reasonably susceptible of knowledge on the part of Longines and Wittnauer, have been admitted.

Thus, the Government must prepare for trial by the ordinary methods, and must prove the authenticity of the documents it intends to rely upon under the usual rules of evidence. Of course, it may be shown at a subsequent time, most probably at or after the trial of the action, that there were no good reasons for the denial by Longines and Wittnauer of the authenticity of the documents, and that the use of the documents was of substantial importance. In that event, of course, the sanction provided for in Rule 37(c) would be invoked, that is, Longines and Wittnauer would be required to pay to the Government the reasonable expenses incurred in making proof of the authenticity, including reasonable attorneys' fees. Be that as it may, there is no course presently open to me but to deny the Government's motion except insofar as it refers to the documents whose authenticity has been denied by the affected defendants through oversight.

The parties may settle an order in accordance with this ruling.

On Objection to Plaintiff's Request for Admissions of Facts

Considered herein are objections to plaintiff's request for admissions of facts noticed by defendants Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S. A., and an informal motion by plaintiff apparently seeking further answers from those defendants to a request for admissions.

█ Plaintiff's informal motion may be quickly disposed of. Rules 36 and 37(c) appear to me to preclude any such motion as made by the plaintiff. A party served with a request for admissions shall be deemed to have admitted the facts unless a sworn statement is served denying the matters of which the admissions were requested or setting forth in detail the reasons why they cannot truthfully be admitted or denied. If a denial of either kind is served, the sole sanction against the party so denying is provided for in Rule 37(c). That sanction is the payment by the denying party to the requesting party of the reasonable expenses incurred in proving the denied facts,

including reasonable attorney's fees if the denial was not warranted. Rabjohn v. Minute Maid Corporation, D.C.S.D.N.Y. 25 F.R.D. 195.

Defendants' objections to plaintiff's requests are on the grounds—

(1) that certain of the requests are improper because they incorporate by reference other documents;

(2) that certain of the requests are "ambiguous and lacking in clarity, thus making it impossible" for them to be answered clearly and unequivocally; and

(3) that certain of the requests cover irrelevant matters not admissible in evidence at the trial.

■ The first category of objections by defendants is generally sustained. Ordinarily the facts admitted in an answer to a request for admissions should be ascertainable merely by examination of the request and of the answer. Cf. Securities and Exchange Commission v. Micro-Moisture Controls, D.C.S.D.N.Y. 1957, 21 F.R.D. 164. This rule, however, is flexible and thus a certain amount of incorporation by reference may in exceptional circumstances be allowed. Plaintiff herein states that a chart, attached as an exhibit to its request, is an example of such incorporation by reference which is warranted by exceptional circumstances. The plaintiff has further offered to revise the chart to clarify the exact facts concerning which it is seeking admissions. In view of this offer I will not, at this time, rule on whether the incorporation is warranted. However, the offer of the plaintiff seeks, as a condition to the revision of its chart, an order at this time that defendants admit or deny the request as it will appear in its final form. As pointed out in disposing of the Government's informal motion, such an order would not be warranted in any event, and certainly could not be warranted here since the request in final form is not before the court.

■ Defendants' objections to the items of the request numbered 5, 12, 16, 19, 22 and 23 are sustained. Plaintiff may serve a further request for admissions wherein no incorporation by reference is utilized with the exception of Item No. 5 as noted above. However, each item of the further request shall contain a citation to plaintiff's source material for the facts concerning which admissions are sought.

Defendant's objections to the items of the request numbered 5, 12, 16, 19, 22 and 23 on the ground that they are ambiguous will not be ruled upon at this time since these items are to be the subject of a further request in accordance with the previous ruling.

The remaining items objected to for ambiguity shall be considered separately.

■■ Defendants' objection to Item No. 4 of the request is in general overruled. The documents in the form of Regulations, Memoranda, Bulletins and Circular Letters are certainly documents of whose existence defendants are aware. Any objection on the ground that such documents are not sufficiently identified can be characterized only as captious. However, certain of the objections of defendants to the request have merit. Accordingly, defendants cannot be forced to admit or deny whether any rulings are "binding" on any one since legal, rather than factual, circumstances lurk in that term. Generally, defendants should not be forced to make a judgment as to what the "more important" FH Circular Letters and Bulletins are. Therefore, defendants need not answer the next to the last subparagraph of Item No. 4 of the request and the clause "and the rulings they contain are binding on FH members" is stricken from the preceding subparagraph. In all other respects defendants' objection is overruled.

Defendants' objection to Item No. 13 of the request is overruled. It is obvious that the entities to whom Ebauches S. A. is said to have directed its request that repair parts be not exported from the United States were those entities to

whom they are sold and who are listed in the item.

■ Defendants' objection to Item No. 25 is sustained. Use of the terms "price cutting activities", "excessive quantities" and the like, is clearly objectionable. Securities and Exchange Commission v. Micro-Moisture Controls, supra. Plaintiff may, however, serve a further request covering the same subject matter, susceptible of an unequivocal answer.

Defendants' objection to items numbered 31 and 32 are overruled. A review of these items clearly indicates that they can be answered unequivocally if defendants have the requisite knowledge.

Defendants' objections on the ground of irrelevancy are overruled in their entirety. I will not at all attempt to review in detail the numerous items objected to and indicate why the facts concerning which admissions are sought are relevant. Suffice it to say that all of the facts concern the existence or operation of the charged conspiracy and thus are relevant. Any question of admissibility will be reserved for the trial of the action.

■ The overruling of many of the defendants' objections to the request for admissions is not at all to be considered a holding that defendants must unequivocally admit or deny the facts. Rather, as pointed out in a prior part of this opinion, defendants may deny any or all of the facts concerning which admissions are sought at the peril, however, of incurring the sanction provided by Rule 37(c).

■ Although specific objections were made by the defendants to specific items in the request, a further request was made both at the oral argument and in the reply memorandum that the request as a whole be stricken. I am aware, of course, that a request for admissions should not attempt to cover virtually the entire case. It should be confined to facts which are not in substantial dispute. Thus, in a proper case, the entire request may be stricken because it is entirely ill-conceived. Cf. Syracuse Broadcasting Corporation v. Newhouse, 2 Cir., 271 F.2d 910. However, the request under consideration appears to me to be a good faith attempt by the plaintiff properly to utilize the provisions of Rule 36 and thus will not be stricken in its entirety.

The motions are disposed of as indicated above.

It is so ordered.

### On Objection to Plaintiff's Request for Admission of Genuineness of Documents

Defendants, Longines - Wittnauer Watch Co., Inc. and Wittnauer et Cie, S. A., object to plaintiff's request for admission of genuineness of documents dated November 24, 1959. Presumably the objection is on the ground that the request is "improper". Rule 36, Federal Rules of Civil Procedure. The plaintiff had previously served a request concerning the same documents in issue now. The moving defendants, in response to the request, served a sworn statement setting forth reasons why they could not truthfully admit or deny the genuineness of the documents. Subsequently, the plaintiff took depositions which, it contends, give sufficient information for the moving defendants to admit the genuineness of the documents.

Defendants apparently base their objections on the following grounds:

1. Only one request for admission concerning the genuineness of any particular document is authorized by the rules;

2. My prior opinion of October 26, 1959, has put the plaintiff irrevocably to its proof; and

3. There is still not sufficient information for the moving defendants either to admit or deny the genuineness of the documents truthfully.

■ Both sides concede that there is no case law concerning the first basis for

objection. Plaintiff, however, contends that Professor Moore in the 2nd Edition of his treatise on Federal Practice, Volume 4, § 36.05, supports the service of successive requests. It is also argued that because the use of written interrogatories or of oral depositions does not preclude a subsequent use of the other form of discovery, subsequent requests for admissions are also authorized.

I do not believe that either of these arguments controls the present question. As I read Professor Moore, he is speaking of successive requests concerning different facts or documents. Successive use of interrogatories and oral depositions, at least insofar as parties are concerned, is specifically provided for in Rule 33. Nevertheless, because these two arguments are not controlling, I am still not impelled to hold in favor of the defendants. We have long since abandoned the theory of a trial as a contest of tactics between counsel. Cf. Hickman v. Taylor, (1947), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. To interpret Rule 36 in accordance with the moving defendants' contention would be to return to that theory. This is an antitrust suit which must be tried, to a great extent, on documents. Perhaps plaintiff was somewhat premature in serving its first request.[1] Unequivocal answers by defendants would tend to expedite the trial of the action. The mere fact that they have already denied sufficient knowledge will not preclude present answers if the circumstances so warrant.

■ Defendants' second argument is equally without merit. In their "Statement of Objections to Notice of Request for Admission" defendants quoted that portion of my Opinion of October 26, 1959, which reads as follows:

"On the basis of information presently before the court, except for certain oversights which defendants Longines and Wittnauer have agreed to correct, all documents, whose authenticity is reasonably susceptible of knowledge of the part of Longines and Wittnauer, have been admitted.

"Thus, the Government must prepare for trial by the ordinary methods, and must prove the authenticity of the documents it intends to rely upon under the usual rules of evidence."

From this quotation defendants conclude that answers to the present request are not warranted. However, it is clear that the ruling that the Government must prepare for trial by the ordinary methods was grounded "On the basis of information presently before the court * * *." There is now further information before the court which indicates that further answers might well materially aid the expeditious disposition of the lawsuit. Accordingly, the second basis of objections by defendants is without merit.

■ The third ground of objection urged by defendants can also be overruled. The operation of requests for admissions and answers thereto is essentially extra-judicial. Therefore, it is not incumbent upon the court to rule, pretrial, whether the parties served with the request have sufficient information upon which to base an unequivocal answer. Rather, the parties upon whom the request is served must either affirm or deny unequivocally, or deny knowledge or information upon which to base an unequivocal answer at the peril of incurring the sanction provided by Rule 37(c). See my Opinion in this case dated November 19, 1959.

I do not intend by this Opinion to hold that a party, even in a protracted case, can serve numerous successive requests where the serving party had or should

---

[1]. I do not mean to imply by this statement a holding that the plaintiff was premature. As pointed out in my prior opinion of October 26, 1959, I will not consider the propriety of any answer given by defendants but will reserve such question until after the trial of the action.

have had enough information to serve one request which would resolve all factual issues which could be the subject of admission. I merely hold that in the instant case the defendants have not shown that the plaintiff did have or should have had enough information to serve an all-inclusive request for admissions in the first instance. I do not now state what conditions must be present before a subsequent request for admissions on the same facts or documents which were the subject of a previous request might be so onerous or burdensome as to warrant its striking.

The defendants' objections are overruled in their entirety.

It is so ordered.