**UNITED STATES of America,**
**Plaintiff,**
v.
**WATCHMAKERS OF SWITZERLAND**
**INFORMATION CENTER, INC.,**
**et al., Defendants.**

United States District Court
S. D. New York.
March 15, 1960.

See also 25 F.R.D. 346.

Richard B. O'Donnell, Chief, New York Office, Antitrust Div., Mary Gardiner Jones, New York City, W. Louise Florencourt, Boston, Mass., Carl L. Steinhouse, Yonkers, N. Y., Attys., Dept. of Justice, for U. S.

Goodwin, Danforth, Savage & White-head, New York City, for defendants, Longines-Wittnauer Watch Co., Inc. and Wittnauer et Cie, S. A., by Donovan, Leisure, Newton & Irvine, James V. Hayes, John A. Manning, New York City, of counsel.

CASHIN, District Judge.

Defendant, Wittnauer et Cie, S. A., moves for an order striking the sworn response of the plaintiff, dated January 22, 1960, to the moving defendant's request for admission of facts dated January 12, 1960 as sham and frivolous, unless plaintiff stipulates that there be admitted into evidence an affidavit previously made concerning the facts which are the subject matter of the request for admission by the Managing Director of the defendant.

This defendant previously moved for a dismissal of the complaint as to it for lack of jurisdiction over the person. The ground for this motion was that the moving defendant neither transacted business nor was found within the United States. The motion was denied (D.C., 133 F.Supp. 40) with leave to renew at the trial (Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A.). A motion for reargument was also denied. D.C., 134 F.Supp. 710. The facts concerning which admission is sought are relevant to the defense of lack of jurisdiction over the person.

A perusal of the facts concerning which admission is sought indicates that the facts are either within the knowledge of plaintiff or that knowledge concerning the facts could easily be obtained. Plaintiff has not given reasons why it cannot truthfully admit or deny the matters but rather has served an unequivocal denial. Defendant argues that the unequivocal denial must, perforce, be sham and frivolous. At the argument of the motion the plaintiff stated that "[the unequivocal] reply on behalf of the plaintiff was true *insofar as plaintiff views the facts in this case*". (Emphasis supplied). Whether plaintiff means by this statement that the actions by Longines-Wittnauer Watch Co., Inc., the parent of Wittnauer et Cie, S. A. in the United States are completely the actions of the subsidiary, Wittnauer et Cie, S. A., the moving defendant, I cannot determine from the record before me. Nor do I deem it necessary to make any such determination.

I have previously ruled that no motion addressed to the insufficiency of a response to a request for admission could be entertained by the court where a non-governmental party has served the allegedly insufficient responses. See Decision read into the record October 26, 1959, D.C., 25 F.R.D. 197. The basis of that decision was that Rule 37(c) Federal Rules of Civil Procedure provides the complete sanction for an improper response to a request for admission served under Rule 36. This sanction is that the party who does not admit the truth of any matters of fact must pay to the party requesting such admission the reasonable expenses incurred in making proof of those facts, including reasonable attorney's fees, in the event that there were no good reasons for denial or that the facts were of no substantial importance. The moving defendant argues that since Rule 37(f) makes such sanction unavailable as against the Government the court should entertain a motion directed to an allegedly improper response. No authority has been cited concerning this proposition nor have I found any. The Conferences concerning the rules prior to their adoption are also completely silent on the proposition. I can only conclude that the rulemakers assumed that any response of the Government would be open to no attack whatsoever.

Accordingly, the motion is denied in its entirety.

It is so ordered.