**UNITED STATES of America**

v.

**NEW ORLEANS CHAPTER, ASSOCIATED GENERAL CONTRACTORS OF AMERICA, INC.**

**Civ. A. No. 14190.**

United States District Court
E. D. Louisiana,
New Orleans Division.

March 28, 1966.

Charles L. Beckler and Arthur A. Feiveson, Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., New Orleans, La., for plaintiff.

Ralph Kaskell, Jr., with Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

CHRISTENBERRY, Chief Judge.

In this civil antitrust action, the plaintiff pursuant to Rule 36, Federal Rules of Civil Procedure, served on the defendant ninety-six (96) requests for admissions. The defendant filed written objections to fifty-three of these requests, which objections the Court subsequently overruled.

Presently before the Court are thirty-five responses to the government's requests which the plaintiff claims are

evasive, equivocal and improper, and moves to strike the responses and deem the requests admitted. The government treats the thirty-five requests as being in essentially three categories:

1. Defendant has in effect admitted the facts contained in requests numbered 7, 8, 10, 11, 12, 19, 22, 34, 36, 48, 52, 55, 56, 57 and 58 by virtue of the answers given to these requests.
2. Defendant's responses to requests numbered 9, 14, 15, 16, 24, 25, 29, 33, 59, 60, 75, 76, 78 and 84 are evasive.
3. The responses to requests numbered 13, 67, 80, 87, 88 and 89 are improper.

 We believe the function of the Court in the situation here presented under Rule 36 is to interpret and determine the sufficiency of the defendant's responses, "rather than to attempt by order to coerce what the court might determine to be proper responses." Dulansky v. Iowa-Illinois Gas & Electric Co., 92 F.Supp. 118 (S.D.Iowa, 1950). The only permissible responses to requests are an admission, a denial or a statement that the contention cannot honestly be either admitted or denied. This Court finds after a thorough examination of the requests and the responses, that the defendant has answered the requests as required by the Rule.

Even if it were held that the responses are improper, the courts are in disagreement as to what is the remedy to the problem. The sanction urged by the government in this case seems to represent the minority view. The majority position seems to be that the remedy is provided for in Rule 37(c), and that a motion and order of the court to strike the answers and deem them admitted is improper. United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197 (S.D.N.Y., 1959); Rabjohn v. Minute Maid Corporation, 25 F.R.D. 195 (E.D. N.Y., 1958); Wright on Federal Courts (1963), § 89, Requests for Admissions;

See also Finman, the Request for Admissions in Federal Civil Procedure, 1962, 71 Yale L.J. 371, 430–31; The Dilemma of Federal Rule 36, 1961, 56 N.W.U.L.Rev. 679, 685–86; 4 Moore's Federal Practice, 2nd Ed., § 36.06, at p. 2723; 2A Barron & Holtzoff, § 837, p. 521.

The motion of the United States of America for an order striking the defendant's responses and deeming the requests admitted is denied.