**BALTIMORE AIRCOIL COMPANY, Inc.,**
**Plaintiff,**

v.

**YORK DIVISION, BORG–WARNER CORPORATION**
and
**York Corporation, Defendants.**
Civ. A. No. 9235.

United States District Court
M. D. Pennsylvania.
June 30, 1967.

**534**

Heath L. Allen, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., Davidson C. Miller, Stevens, Davis, Miller & Mosher, Washington, D. C., Rufus S. Day, Jr., McAfee, Hanning, Newcomer, Hazlett & Wheeler, Cleveland, Ohio, for plaintiff.

Donn I. Cohen, York, Pa., Joseph W. Swain, Jr., Bruce B. Wilson, Montgomery, McCracken, Walker & Rhoads, Virgil E. Woodcock, Charles F. Duffield, Woodcock, Phelan & Washburn, Philadelphia, Pa., for defendants.

## MEMORANDUM

FOLLMER, District Judge.

Defendants have filed two motions to strike certain of plaintiff's answers to defendants' requests for admissions.[1] It is claimed that the said answers are either sham, not responsive or equivocal.

Plaintiff contends that the motion to strike is improper. It appears that the courts are not unanimous as to the propriety of a motion to strike an answer to a request for admission. In 35B C.J.S. Federal Civil Procedure § 766, p. 31, it is stated: "It has been held that the response to a request [for admission] is not subject to a motion to strike; but, on the other hand, there are decisions to the effect that a reply which is not a strict compliance with Rule 36 may be stricken, * * *." See Wright on Federal Courts, § 89, p. 344 (1963 ed.).

In 4 Moore, Federal Practice ¶ 36.06, p. 2723 (2d ed. 1966), it is stated as follows: "Only the party served with the request may invoke pre-trial action by the court; the propounding party cannot apply for an order compelling answer or striking answers."

There is nothing in the rules which authorizes the courts to strike responses to requests for admissions, but some cases have ordered further answers. See United States Plywood Corporation v. Hudson Lumber Company, 127 F. Supp. 489, 497–498 (S.D.N.Y.1954); Heng Hsin Co. v. Stern, Morgenthau & Co., Inc., 20 Fed.Rules Serv. 36a.52, Case 1 (S.D.N.Y.1954); Strasser et al. v. Fascination Candy Co., 7 F.R.D. 267 (N.D. Ill.1945); United States v. Schine Chain Theatres, Inc., 4 F.R.D. 109 (W.D.N.Y. 1944); 74 Harv.L.Rev. "Developments-Discovery" 940, 969 (1961).

It is the feeling of this Court that the weight of authority dictates that a motion to strike the answers is improper, and that the remedy is found in Rule 37(c) of the Federal Rules of Civil Procedure. United States v. New Orleans Chapter, Associated General Contractors of America, Inc., 41 F.R.D. 33, 34 (E.D.La.1966); United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197 (S.D.N.Y.1959), and same case, 25 F.R.D. 347 (S.D.N.Y. 1960); Rabjohn v. Minute Maid Corporation, 25 F.R.D. 195 (S.D.N.Y.1958); Dulansky et al. v. Iowa-Illinois Gas & Electric Co., 92 F.Supp. 118 (S.D.Iowa 1950); Water Hammer Arrester Corporation v. Tower, 7 F.R.D. 620, 621 (E. D.Wis.1947), reversed on other grounds 171 F.2d 877 (7th Cir. 1949); Momand v. Paramount Pictures Distributing Co., Inc., 36 F.Supp. 568 (D.Mass.1941). See 2A Barron & Holtzoff, § 837; Finman, "Request for Admissions," 71 Yale L.J. 371, 426–431 (1962).

Accordingly, the motions of the defendants to strike certain of plaintiff's answers to defendants' requests for admissions will be denied.

---

1. The defendants' motions were filed on March 2, 1967, and April 7, 1967.