**CONTINENTAL CASUALTY COMPANY, as subrogee of Whimsy, Inc. d/b/a Whimsy Greensox and d/b/a Hotlines, and as subrogee of Amazing Feets, L.P., Plaintiff,**

**v.**

**Ronald A. BRUMMEL, individually and d/b/a Ron Anthony Ltd., Defendant.**

**No. 85–K–179.**

United States District Court, D. Colorado.

Aug. 13, 1986.

---

John B. McCabe, Suanne Porwancher, Clausen Miller Gorman Caffrey & Witous, P.C., Chicago, Ill., Joel C. Maguire, Martin, Knapple, Humphrey & Tharp, Boulder, Colo., for plaintiff.

Jeffrey M. Grass, Mike Hilgers, Arvada, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for negligence and reckless disregard for the property rights of others. Whimsy, Inc. was in the business of selling retail shoes. Whimsy was insured for loss by fire by Continental Casualty Company. A fire occurred on January 26, 1983. As a result Continental paid Whimsy for all damage and loss. Pursuant to the insurance contract, Continental was assigned all rights and causes of action of Whimsy. On January 26, 1983, Ronald A. Brummel, d/b/a Ron Anthony, Ltd., defendant, was in possession of the premises adjacent to Whimsy. Brummel is presently a citizen of Texas. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

Plaintiff alleges defendant failed to exercise due care and caution in the operation of his business, which caused a fire to occur on defendant's premises and spread to Whimsy's premises, thereby damaging and destroying Whimsy's place of business, the contents of his premises, and interruption of his business. Specifically, plaintiff alleges the fire occurred after defendant discarded an unextinguished cigarette into

a combustible trash container situated in a room filled with other combustibles. The case is presently set for trial to jury on June 29, 1987.[1] Pending before me are plaintiff's motions: 1) to bar the testimony of Cheryl Brummel and Scott Begg; 2) to bar evidence that the fire was caused by electrical failure; 3) to preclude all evidence relating to electrical repairs; 4) and to strike defendant's responses to request for admissions.

## I.

■ Plaintiff moves to bar the testimony of Cheryl Brummel and Scott Begg because defendant violated discovery and prejudice will result to plaintiff if these witnesses are allowed to testify. Plaintiff asserts defendant violated discovery since defendant did not disclose the names of these testifying witnesses until one month after a court order requiring each party to serve all remaining discovery on the other party. Plaintiff alleges this is in violation of Fed. R.Civ.P. 26(e)(1). Further, if these witnesses are allowed to testify, it is alleged plaintiff will be prejudiced, since there was no opportunity to depose these witnesses.

Defendant responds that the names were not disclosed at the time of the court order because defendant did not know the relevance of the knowledge of the witnesses. Although defendant admits he did not disclose the names of these witnesses, he asserts plaintiff nevertheless had knowledge concerning the information which these witnesses possessed before the date defendant disclosed their names. On September 4, 1985, counsel for defendant took the deposition of fire department Captain Adrian Hise. At his deposition, Captain Hise produced the entire fire department file regarding the fire. A copy of this file was mailed to plaintiff by defendant. In this file was a recorded statement taken by Detective Hays and Captain Hise from Cheryl Brummel. Her statement included a discussion of the electrical work which had been done in defendant's store during the week before the fire. Plaintiff has had this information since September 4, 1985. The fire department file also contained Scott Begg's name and address, and identified him as a bystander witness.

Defendant further asserts plaintiff also failed to comply with discovery. The discovery cutoff date was set for January 31, 1986. Defendant had requested a copy of plaintiff's insurance policy in August, 1985. It was not received until February 25, 1986. Also, on February 20, 1986, defendant received supplemental responses to interrogatories. These responses contained a number of witnesses who were not previously disclosed by plaintiff before the closing of discovery.

A trial court has broad discretion as to the control of discovery, and will not be set aside unless there is an abuse of discretion. *Shaklee Corp. v. Gunnel*, 748 F.2d 548, 550 (10th Cir.1984); *Smith v. Ford Motor Co.*, 626 F.2d 784, 800, *cert. denied* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir.1973). Since there is a duty to provide supplemental responses concerning persons having knowledge of discoverable matters, defendant violated discovery. Fed.R.Civ.P. 26(e). Plaintiff, however, also violated discovery by returning late responses and names of new witnesses after the discovery cutoff date. Since plaintiff and defendant both violated discovery, and plaintiff also had actual knowledge that defendant's witnesses had discoverable information, the motion to bar the witnesses' testimony is denied. Any degree of prejudice which might result is

---

**1.** It may seem peculiar to the uninitiated to insist upon a discovery cut-off date now when a trial date is set almost a year away on June 29, 1987. The action is not without reason, however. This federal district has had two judicial vacancies, one since October, 1984 and the other since May, 1985. Though it seems likely to those of us bearing the brunt of these vacancies that the Parousia will occur before the appointments are made, we must be steadfast in our optimism. Should the appointments be made, the trial date can be reset to a much earlier time either before me or one of the new judges. Accordingly, it is prudent to have cases ready for trial as soon as their exigencies can be met.

avoided by reopening discovery for one month. *See Smith,* 626 F.2d at 795. Thereafter, discovery is closed.

## II.

■ Plaintiff's second motion is a motion in limine to bar the admission of evidence that the fire was caused by an electrical failure. Plaintiff alleges this evidence should be excluded because defendant has not specifically plead that the fire was caused by an electrical failure and there is no evidence that the cause of the fire was an electrical failure. Defendant responds there was no requirement that he specifically plead the fire began in a certain manner. Further, he asserts there exists evidence that the fire could have been a result of electrical failure.

Fed.R.Civ.P. 8 provides for general notice pleading. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Defendant denied in short and plain terms that he did not start the fire by discarding an unextinguished cigarette in a trash container. Therefore, he complied with the general pleading rules. *See* Fed.R.Civ.P. Rules 8(c), 9. Consequently, defendant's answer put plaintiff on sufficient notice that he would deny the fire started in the manner alleged, and that this might include asserting other possibilities by which the fire could have begun. The fault lies not with defendant, but with our outmoded rules of pleading.

Plaintiff's contention that there is no evidence the fire could have begun by electrical failure is without merit because the testimony of Cheryl Brummel, Richard Knipplemeyer, and fire investigator Larry Stearns establish such is a possibility. Further, evidence which illustrates that the fire could have begun in another manner is relevant. Fed.R.Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence which illustrates the fire could have begun as a result of an electrical failure makes it less probable that the fire began as a result of defendant's negligence. Fed. R.Evid. 402 allows all relevant evidence to be generally admissible. Fed.R.Evid. 403 provides, however, that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This difference requires a balancing of the probative value or the need for the evidence against the harm likely to result from its admission. Fed.R.Evid. 403, Advisory Committee Notes.

The probative value of the evidence that the fire may have begun by electrical failure is great. If true, the defendant would not be at fault. Therefore, the need is substantial. The harm likely to result from the admission of such evidence is low. Since there remains an additional month of discovery, plaintiff is not prejudiced. The evidence is relevant and admissible.

## III.

■ Plaintiff's third motion is another in limine attempting to bar evidence that any electrical repairs or services were performed at Ron Anthony, Ltd. during the week preceding the fire. Plaintiff alleges defendant should be precluded from offering such evidence since he has not asserted any evidence or testimony indicating any electrical repair work was done; further, if such testimony were admitted it would be prejudicial to plaintiff.

Plaintiff's claim there is no evidence supporting the claim that no electrical repairs were performed the week before the fire is without merit. Defendant's response to interrogatories on May 1985 advised plaintiff that defendant would testify that electrical repairs were performed in the area of the fire's origin. In the fire department file, which was mailed to plaintiff, there was a recorded statement from Cheryl Brummel that she personally observed the electrical work. Further in the file Richard Knipplemeyer admitted that electrical repair

work had been performed and explained exactly what repair work had been completed. Consequently, there is evidence supporting the claim that electrical work was done the week preceding the fire.

The evidence is relevant pursuant to Fed. R.Evid. 401. Its probative value substantially outweighs the danger of unfair prejudice pursuant to Rule 403. Since I have decided to reopen discovery for a limited time, plaintiff is afforded the opportunity to investigate, discover, rebut or interrogate those persons who could substantiate such claims. Therefore, any prejudice which might have resulted to plaintiff is avoided. The evidence is admissible.

## IV.

Plaintiff's last motion is to strike some of defendant's responses to a request for admissions propounded by plaintiff. Answers to a request for admission are not subject to a motion to strike. An answer to a request for admission is not subject to a motion to strike nor a motion to compel. 4A Moore, *Federal Practice* 36.06 (2d ed. 1984); *see also ASEA, Inc. v. Southern Pacific Transportation, Inc.,* 669 F.2d 1242 (9th Cir.1981). There is nothing in the rule which authorizes a court to strike a response. The court, however, may determine the sufficiency of the answers submitted. Fed.R.Civ.P. 36(a); *see also Baltimore Aircoil Co., Inc. v. York Division,* *Borg-Warner Corp.,* 270 F.Supp. 533 (M.D. Penn.1967); *United States v. New Orleans Chapter, Associated General Contractors of America, Inc.,* 41 F.R.D. 33 (E.D.La. 1966), *aff'd without opinion,* 396 U.S. 115, 90 S.Ct. 398, 24 L.Ed.2d 308 (1969). If the court determines the answers do not comply with the rule, it may order the matter admitted, or order the party to serve amended answers. Fed.R.Civ.P. 36(a); 4A Moore, *Federal Practice* 36.06 (2d ed. 1984). Consequently, I will treat plaintiff's motion as a motion to determine the sufficiency of defendant's answers.

Rule 36(a) provides in pertinent part: ... The matter is deemed admitted unless ... the party ... serves ... a written answer or objection ... If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.

Defendant's answers to the questions either admit, deny or qualify the denial which is in compliance with the rule.[2] Therefore, the answers are sufficient.

---

**2.** The following answers to a request for admission were determined to be sufficient and in compliance with the rule:

5. The area of origin of the fire was not located in the ceiling or truss area in the storage room.
Denied.

13. It was BRUMMEL'S usual course of habit to depart RON ANTHONY, LTD. at 5:00 p.m.
It is admitted that Ronald Anthony Brummel usually closed Ron Anthony, Ltd. at 5 p.m. It is denied that it was Mr. Brummel's habit to depart from the store at precisely 5 p.m.

15. On January 26, 1983, the ashtrays emptied by BRUMMEL at the end of the day were filled with cigarettes, ashes, single spent matches, empty matchbooks, and partially filled matchbooks.
It is admitted that on January 26, 1983 the ashtrays emptied by Ron Brummel at the end of the day were filled or partially filled with cigarettes, ashes, and single spent matches. It is denied that the ashtrays were necessarily completely filled and it is further denied that the ashtrays contained empty matchbooks and partially filled matchbooks.

20. BRUMMEL stated to police personnel, fire department personnel and insurance investigators that he thought the extinguished cigarettes must have caused the fire.
It is admitted that Mr. Brummel stated to police and fire department personnel and insurance investigators that he thought smoldering cigarettes may have caused the fire. It is denied that Mr. Brummel stated that extinguished cigarettes may have caused the fire and it is further denied that Mr. Brummel stated that cigarettes must have caused the fire.

Plaintiff also requests attorney fees pursuant to Rule 37(c). Plaintiff claims to be able to prove the truth of certain items denied and seeks attorney fees for it's efforts. Rule 37(c) provides a sanction for the enforcement of Rule 36. Since Rule 36 does not provide a mechanism for determining whether the responses are warranted by the evidence thus far accumulated, Rule 37(c) is intended to provide *posttrial* relief in the form of requiring the party who improperly refused to admit to pay the expenses of the other side in *making* the necessary *proof at trial.* Fed.R.Civ.P. 37(c), Advisory Committee Notes, 1970 Amendment. Emphasis added. Therefore plaintiff's motion pursuant to Rule 37(c) is denied at this time.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to bar the testimony of Cheryl Brummel and Scott Begg is denied.

2. Plaintiff's motion in limine to bar the evidence that the fire was caused by an electrical failure is denied.

3. Plaintiff's motion in limine to preclude all evidence relating to electrical repairs is denied.

4. Plaintiff's motion to determine the sufficiency of the answers to a request for admission is granted, and the answers are deemed sufficient.

5. Plaintiff's motion for attorney fees under Rule 37(c) is denied at this time.

21. The fire which erupted at RON ANTHONY, LTD. on January 26, 1983, was not caused by an clectrical failure.
Denied.

22. The cause of the fire which erupted at RON ANTHONY, LTD., on January 26, 1983, was not due to mechanical failure.
Denied.