Orpha Glee **HARRIS**, et al., Plaintiffs,

v.

**OIL RECLAIMING COMPANY, LTD.,** et al., Defendants.

No. Civ.A. 97–1270–CM.

United States District Court,
D. Kansas.

Dec. 20, 1999.

John S. Seeber, Adams & Jones, Chartered, Wichita, KS, for plaintiffs.

George Nelson, Oklahoma City, OK, Edward L. Brown, Jr., Wichita, KS, James A. Choate, George Nelson, P.C., Oklahoma City, OK, for Bill Harrison.

James O. Moody, Oklahoma City, OK, pro se.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter is before the court on plaintiffs' motion to determine the sufficiency of the defendant's answers to certain admissions requests. (Doc. 59). The defendant, Mr. Harrison, has responded to the motion, (Doc. 70), and plaintiffs have replied. (Doc.

72). In this action the plaintiffs seek to establish the liability of Oil Reclaiming Company, Ltd., Oil Reclaiming Company, Inc., and Bill Harrison, among others, for certain violations of the Oil Pollution Act of 1990, 33 U.S.C.A. § 2701 (West Supp.1999). As explained herein, the Court finds some answers insufficient and orders Mr. Harrison to amend his response.

## I. BACKGROUND

Oil Reclaiming Company, Ltd., (hereinafter, Ltd.), was a limited partnership operating an oil processing plant. Oil Reclaiming Company, Inc., (hereinafter, Inc.), was the general partner of the Oil Reclaiming Company, Ltd. Plaintiffs contend that Mr. Harrison held himself out as general partner of Ltd. and is, therefore, responsible for all liabilities of the limited partnership. The plaintiffs assert that Mr. Harrison is also liable under the Act because he is an 'operator' within the meaning of the Act and, therefore, a 'responsible party.'

Plaintiffs' contentions that Mr. Harrison held himself out as general partner of Ltd. are the source of conflict about answers to the requests for admissions. Plaintiffs seek admissions from Mr. Harrison that certain documents, actions, figures, handwriting and signatures were his. Mr. Harrison generally admits that the actions and handwriting were his physically, but seeks to qualify his answers to assert that they were done in his capacity as an agent for Inc. Mr. Harrison is concerned that his admission of the physical acts will result in an inference that he admits acting as general partner for Ltd.

## II. DISCUSSION

### A. General

■ The plaintiffs, in their requests for admissions, seek only to establish the physical fact of ownership, possession, handwriting, figures, and signatures. Mr. Harrison objects that the requested information is irrelevant to the case. The Court finds that his objection, presented in response to this motion, but not in an objection to the request, is untimely. It is also without merit. Acts taken by Mr. Harrison and his signa-

ture on certain documents may give rise to an inference that he was acting in his individual capacity, which may give rise to an inference that he held himself out as a general partner of Ltd. Therefore, whether Mr. Harrison took the actions or signed the documents is relevant to the issue of individual liability in this case.

Mr. Harrison argues that (1) entities, Ltd. and Inc., must act through human persons such as their officers, and (2) the plaintiffs did not rely on the documents or acts at issue. These may be valid legal arguments in this case, but they do not affect whether Mr. Harrison took the actions or executed the signatures at issue in the requests. The arguments will be determined in the case, but are not grounds to refuse to admit or deny whether certain acts or facts exist.

Mr. Harrison argues that it would mislead the jury to present the admissions to the jury without any explanation. That may also be valid, but Mr. Harrison will have opportunity at trial or in summary judgment to present evidence of his capacity in taking the actions at issue and to argue the legal effect of his actions. He may not argue the legal effect of those actions or signatures in an answer to a request for admissions unless his answer "specifically den[ies] the matter or set[s] forth in detail the reasons why [he] cannot truthfully admit or deny the matter. [His] denial shall fairly meet the substance of the requested admission." Fed.R.Civ.P. 36. "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not on that ground alone, object to the request." *Id.* Mr. Harrison's self-serving statements that actions were taken or signatures executed in his capacity as an agent do not change his admission that the actions were taken and the signatures executed.

### B. Capacity as an Agent

■ Fed.R.Civ.P. 36 allows a party to seek an admission "of the application of law to fact." Plaintiffs' first request for admissions 2(e) may be viewed as such a case. That request asks Mr. Harrison to admit that a certain document is a list of checks "that you signed as Bill E. Harrison." The quoted

language implies the checks were signed by Mr. Harrison in his individual capacity and puts capacity at issue in the request. Therefore, Mr. Harrison's response, that the check at issue and all other checks referred to in the request were made "in his capacity" as an agent or officer of Inc., is appropriate as a good faith qualification of the answer in order to "fairly meet the substance of the requested admission." Fed.R.Civ.P. 36(a). The Court finds response 2(e) sufficient.

■ Request for admissions 2(i) seeks an admission that certain phone calls were "made on behalf of" Ltd. The quoted language may be seen as implying an agency relationship between Mr. Harrison and Ltd. Mr. Harrison's response that the calls were made not as an agent of Ltd., but "in his capacity as an agent of" Inc. is also a good faith qualification to "fairly meet the substance of the requested admission." *Id.* The court finds the qualification contained in the first sentence of Mr. Harrison's response is appropriate to fairly meet the substance of the request. The denial contained in the second sentence of the response is addressed later in this opinion.

The plaintiffs' remaining requests for admissions do **not** put capacity in issue. The plaintiffs will seek to prove that Mr. Harrison should be held liable as general partner of Ltd. because of his actions and signatures. But, the remaining requests do not seek his admission that his actions or signatures have any legal effect. Were the plaintiffs to ask for such an admission it would be appropriate for Mr. Harrison to qualify his answer with a statement of the capacity in which the actions were taken or the signatures executed. The remaining requests merely ask for an admission of certain facts: 2(a) ownership and possession of documents, 2(b), (c) & (u) signatures of Mr. Harrison, 2(d) handwriting of Mr. Harrison, and, 2(n) & (v) business was conducted by Mr. Harrison. Language referring to Mr. Harrison's capacity as an agent in taking the actions is **not** a sufficient answer because the requests do not seek to establish the capacity in which he acted. Language referring to his capacity does not fairly meet the substance of the requested admissions.

■ Plaintiffs suggest that the Court should delete or strike the offensive language from Mr. Harrison's answers. By its terms, Rule 36 does not allow a court to strike a response to a request for admissions. However, the court may determine the sufficiency of the answers to the request. *See Continental Cas. Co. v. Brummel,* 112 F.R.D. 77, 81 (D.Colo.1986). The Court finds Mr. Harrison's answers referring to his capacity are insufficient with respect to the following requests for admissions because they do not fairly meet the substance of the requested admissions. The Court orders that he amend his answers consistent with Rule 36 as explained herein.

Plaintiffs' First Request for Admissions:

2(a): The following language at the beginning of the answer is not responsive to the request: "As a preliminary answer to this request, and all other pertinent answers to requests set forth hereafter, the use of the terms "you" and "your" shall include reference to Defendant Bill Harrison while acting in his capacity as an agent for Oil Reclaiming Company, Inc."

2(b): The following quoted language is not responsive to the request: "While I was acting as an agent of Oil Reclaiming Company, Inc., general partner of Oil Reclaiming Company, Ltd." and "to the extent such signatures were made while acting in the capacity as an agent of Oil Reclaiming Company, Inc."

2(c): All language is not responsive to the request except, "Admitted."

2(d): The following language is not responsive to the request: "to the extent such handwriting was made as an agent of Oil Reclaiming Company, Inc." and "in his capacity as an agent of Oil Reclaiming Company, Inc."

2(n): The following language is not responsive to the request: "in his capacity as an agent of Oil Reclaiming Company, Inc."

Plaintiffs' Second Request for Admissions:

**2(u):** The following language is not responsive to the request: "As a preliminary answer to this request, and all other pertinent answers to requests set forth hereafter, the use of the terms "you" and "your" shall include reference to Defendant Bill Harrison while acting in his capacity as an agent for Oil Reclaiming Company, Inc." and "to the extent the signatures were made in this Defendant's capacity as an agent of Oil Reclaiming Company, Inc."

**2(v):** The following language is not responsive to the request: "in his capacity as an agent of Oil Reclaiming Company, Inc."

### C. Miscellaneous Issues

Mr. Harrison responded to request 2(i) with a partial admission in the first sentence of the answer. The Court found above that the language of Mr. Harrison's answer in the first sentence was an appropriate, good faith qualification of the answer. In the second sentence of his answer Mr. Harrison made a partial denial because the documents "contain phone calls which were **not** made on behalf of" Ltd. or Inc. Rule 36 requires that when a party must admit part and deny part of a request, "the party shall specify so much of it as is true and qualify or deny the remainder." Fed.R.Civ.P. 36(a). The answer does not specify which calls are covered by the substance of his admission in the first sentence. The Court finds the response insufficient, and orders Mr. Harrison to supplement his answer to 2(i) by specifying **which** phone calls listed in the documents at issue were made on behalf of Ltd. and which were chargeable to Ltd.

Plaintiffs argue that Mr. Harrison did not respond to part of request 2(k) and the Court should deem that part admitted. Experience teaches that such 'omissions' are often the result of oversight or typographical error in responding. Often a conversation with opposing counsel will clarify the issue and result in a supplemental response which resolves the supposed problem. Plaintiffs have not noted any steps taken to resolve the issue, but the Court finds the response, strictly speaking, insufficient, and orders Mr. Harrison to amend his answer to 2(k) with regard to pages 24–28.

■ The plaintiffs argue in great depth with regard to request for admission 2(m). Mr. Harrison, rather tersely, "[d]enied" that "from March 1994 through October 1995 [he] signed all checks of [Ltd.] with the same signature line as on page 46 attached hereto." In their motion, plaintiffs argue that Mr. Harrison was provided sufficient information to have determined that he signed at least some of the subject checks, and that he signed all checks about which the parties had information. Therefore, he had a duty under Rule 36 to investigate and specifically admit the statement as to the checks which he had signed, and deny the remainder. The Court finds that Mr. Harrison's response to the request is sufficient for two reasons.

■ First, Mr. Harrison did not equivocate, he denied the statement. A denial is a sufficient answer. If the plaintiffs are heard to argue that the statement is, in fact, true but that Mr. Harrison is being intransigent, Fed.R.Civ.P. 37(c)(2) allows the plaintiffs to seek reimbursement of the expenses incurred in making proof of that fact. It is premature to determine that proof.

■ Second, and perhaps more importantly, where a request contains interdependent, compound issues, a party may deny the entire statement if it is premised upon a fact which is denied. *See Diederich v. Department of the Army*, 132 F.R.D. 614, 621 (S.D.N.Y.1990); *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, No. 94–2395–GTV, 1995 WL 625744, at * 5–6 (D.Kan. Oct. 5, 1995). While it may be argued that the request at issue involves two independent components, (1) whether Harrison signed all checks of Ltd., and (2) whether Harrison always used the same signature when signing checks of Ltd., the Court will not require the answering party to determine all of the possible interpretations of an ambiguous request and respond to each of them.

■ To the extent that plaintiffs argue that Mr. Harrison did not identify which checks he signed and which he did not sign,

or which he did not sign with the same signature, the plaintiffs did not, with the request, provide a list of checks, nor identify discovery to which Harrison could direct his inquiry. Rule 36 imposes a duty on the answering party to make a reasonable inquiry to determine his ability to admit or deny. Mr. Harrison determined that he was able to deny the statement. Further, this Court finds that it is not reasonable to require the answering party to search through every document provided by every source of discovery without at least identifying in some way the particular documents and sources of discovery with relation to which the requesting party seeks his admission. Ambiguities in the request will be construed against plaintiffs as drafters. *See id.*

In reference to request **2(n)**, plaintiffs contend that Mr. Harrison failed to respond to that part of the request that the trip concerned the facilities of Ltd. Ignoring language the Court has found not to be responsive to the request, the answer states: "Admitted to the extent they represent expenses for trips taken to view the property ... Denied in all other respects, and specifically denied that this Defendant individually conducted business concerning the operation of oil processing facilities." The Court finds that while one might infer from the answer that the 'property' at issue is the facilities of Ltd., it is not clear. Therefore, the answer is insufficient, and Mr. Harrison is ordered to respond to the statement as to whether the trips involved business concerning operating the oil processing facilities of Ltd.

■ The final issue is the Plaintiffs' Second Request for Admissions, # **1**. Mr. Harrison's answer states that after a 'reasonable inquiry' he is without sufficient information to admit that certain of the documents presented are genuine. Plaintiffs essentially argue that sufficient information was 'readily obtainable' and that Mr. Harrison did not, in fact, make 'reasonable inquiry.'

Only one of the documents at issue, (# 138), was included in App. 2 attached to plaintiffs' memorandum presented to chambers. The court is unable to determine anything with respect to other documents. Intonation of the words of the Rule that the party has made a 'reasonable inquiry' is not determinative whether the answer is sufficient. The party must in some way show that he has, in fact, made a 'reasonable inquiry' and that information 'readily available' to him is insufficient to enable him to admit or deny the statement. *See Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1246–47 (9th Cir.1981).

Document 138 contains the name, address, and telephone number of a Certified Public Accountant on the heading of the document. 'Reasonable inquiry' would seem to necessitate an attempt to contact the CPA listed and verify the genuineness of that document. Mr. Harrison does not in his answer nor in his response to the motion to determine sufficiency mention what actions on his part constituted 'reasonable inquiry,' nor why such information was not 'readily available.' In good faith, Mr. Harrison must show an attempt to determine the genuineness of the document. The Court finds the answer insufficient, and orders that Mr. Harrison amend his answer to satisfy the requirements of the Rule as explained above. Although the Court does not have the remaining documents before it, Mr. Harrison should review his efforts at inquiry in light of the Court's opinion.

The circumstances of this motion make award of expenses unjustified because; (1) plaintiffs have not shown good faith efforts to confer with the defendant to obtain amendments, (2) there has been no showing of bad faith on the part of the defendant, and, (3) the plaintiffs' motion has not been granted in all respects.

**IT IS THEREFORE ORDERED** that Mr. Harrison shall, consistent with Fed. R.Civ.P. 36 as explained above, amend his answers to Plaintiffs' First Request for Admissions, 2(**a, b, c, d, i, k, n**) and to Plaintiffs' Second Request for Admissions, **1** and 2(**u, v**).