Vera G. JOHNSTONE, Administratrix of the Estate of Ian S. Lockhart, a minor, deceased,

v.

John CRONLUND, a minor, by his parents and natural guardians, Philip R. Cronlund and Elizabeth M. Cronlund, and Philip R. Cronlund and Elizabeth M. Cronlund, individually.

Civ. A. No. 26674.

United States District Court E. D. Pennsylvania.

Feb. 10, 1960.

---

Donald J. Farage, Philadelphia, Pa., for plaintiff.

Michael A. Foley, Philadelphia, Pa., for defendants.

WOOD, District Judge.

This suit for damages is brought by the Administratrix of the Estate of an 11-year-old boy against the deceased child's playmate, John Cronlund, and his parents, Philip R. and Elizabeth M. Cronlund. The decedent was shot while playing with the minor defendant in the defendants' home.

The plaintiff has requested the defendants to admit the truth of some 29 statements of fact material to the case. The requests are made pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C. The crux of the problem is whether or not the requests are statements of facts material to this case and should be answered under the provisions of that Rule. The defendants have objected to all but one of the requests. These objections might be categorized as follows: 1) That the requests violate the intent of Rule 36 because they inquire into matters which are not the proper subject for requests for admission; 2) that the statements of fact sought to be

admitted are susceptible of improper inference, and 3) that the requests contain conclusions and are based on testimony given in another proceeding.

Before ruling on defendants' objections as applied to each request· for an admission we feel constrained to make some general observations on the permissible use of Rule 36. We are prompted to do this because, as pointed out by Judge Holtzoff, [1] the use of Rule 36 has been somewhat restricted and while there are some admirable cases covering the problems raised by the Rule, we are unable to find a line of decisions which in our opinion adequately meet the problems raised by these requests and the objections thereto.

█ The authorities are in agreement that Rule 36 was originally intended to relieve parties of the necessity of proving "facts not really in dispute." [2] "Facts not really in dispute" are rarely crucial to liability, although they may when taken in conjunction with other facts, be essential to proving the issue. In this case we understand the defendant takes the position that he should not be required to answer questions which are crucial to liability. There are a series of cases which sustain that position. However, we are constrained to disagree with such a broad general principle. We do not think that the requests can be avoided because the question asked may or may not be crucial to liability. As we will point out later, we believe that the application of the Rule should be controlled by other factors of a more definite and qualitative nature.

█ As to defendants' second objection, we understand it to mean that the statements of facts sought to be admitted constitute "half truths." In other words, each statement sought to be admitted may contain an isolated bit of truth; but standing alone out of the context of the whole truth such statements convey unwarranted and unfair inferences. This objection goes to the heart of the difficulties which arise when a party attempts to use Rule 36 to cover every facet of a case. When that portion of Rule 36 which permits inquiry into facts as distinguished from documents is used we do not find that it is intended to obtain through discovery that which a party would not be permitted to obtain at the trial. Rather we think that the purpose of the Rule is to separate the wheat from the chaff and to get down to the real issues in the case. In other words, are admissions to supplement other discovery privileges such as depositions and interrogatories or were they intended to supplant them and, more important, to give to the party making use of the Rule rights which he would not have had on the trial of the cause? If we conclude that Rule 36 is so broad that almost any question with any relevancy directly or indirectly to the issue can be asked and an answer required, the result could be as here, namely, a number of statements each of which may tell a small part of a long story; which may be out of context; which may necessitate detailed explanation in order to put them in proper perspective. Of course, the party admitting the truth of a statement of fact may qualify his answer under the specific terms of Rule 36,[3] but it is not always possible by qualifying an admission to avoid the inferences arising from the phrasing of the statement

1. Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, pp. 540, 541.

2. Demmert v. Demmert, D.C.Alaska 1953, 115 F.Supp. 430; People of State of Cal. v. The Jules Fribourg, D.C.Cal.1955, 19 F.R.D. 432; Petition of Reinauer Oil Transport Inc., D.C.1956, 19 F.R.D. 5; Benton v. McCarthy, D.C.S.D.N.Y.1959, 23 F.R.D. 235; Moore's Federal Practice, 2nd Ed., Vol. 4, p. 2705; Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, p. 537.

3. " * * * when good faith requires * * * a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder."

sought to be admitted. Examples of this are present in the requests now before us. Request No. 5 reads: "A box containing the guns and target was left by the defendant, Philip R. Cronlund, in the hallway of his home where the contents thereof, including the guns, were readily available and accessible to the minor defendant, John Cronlund."

The words "were readily available and accessible to the minor defendant" immediately give the reader the idea that the guns were left in the hallway unintentionally, and carelessly, in a place where the young son could easily reach them. In fact, the father may have fully intended his son to have access to the guns in order to clean them and put them away as per the father's instructions. The son may have been well trained in the care and handling of firearms. In any event, the jury must decide from a full report of the customs in the defendants' home whether the father was negligent on this particular occasion. Other factors may have caused the act to be done. As previously stated, the fact that the party can explain his answer at the trial is of no assistance to sound judicial process in our opinion. The Rule itself makes provision for raising the objections when the questions are submitted, and that is the time they should be ruled upon, rather than waiting until the trial when the effect of an improper question is before the Court, and particularly in the presence of a jury if such were the case. The value of the discovery rules has long been proven and needs no comment here. However, we observe that if a party is compelled to answer vague and indefinite questions capable of more than one interpretation, and which in fairness to either party require an explanation, then one of the purposes of the rules is immediately thwarted, since at the trial a great deal of the necessary time devoted to determining the issue would be taken up with explanations of answers to improper questions.

Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation.[4] Requests which are phrased so as to infer unfairly a particular or varied conclusion from the fact admitted are objectionable. Likewise, requests which are half truths are objectionable if such half truths would infer a conclusion different from the whole truth.[5]

While we fully recognize the protections under rules of evidence afforded the party answering the requests at the eventual trial, as previously noted we think the time to correct the error is now rather than by the application of the rules of evidence at some later date. This we find is consistent with the purpose and intent of the discovery rules.

We come now to what is perhaps the most unusual and objectionable part of some of the requests. The plaintiff has obviously taken from the testimony at a coroner's inquest certain questions and answers propounded in that proceeding and has used them to formulate requests for admissions. For example, question No. 17 reads as follows: "On April 6, 1959, defendant, Philip R. Cronlund, admitted that he knew 'the seriousness of children, a boy 11 years old, as a child, handling guns', in the presence of the coroner's jury." Assuming that such a question was asked and such an answer given, consider the explanations which might be made as to the circumstances surrounding that event. Furthermore,

---

4. United States v. New Wrinkle, Inc., D.C. S.D.Ohio 1954, 16 F.R.D. 35.

5. See Knowlton v. Atchison, Topeka & Santa Fe Ry. Co., D.C.W.D.Mo.1951, 11 F.R.D. 62, where the court said that while requests for admissions of "half truths" are improper, it must be shown in what manner the requested admission is a "half-truth." See also the Seventh Annual Report of the New York Judicial Council (1941), abridged in 5 F.R.Serv., discussing difficulty of requests for admissions which state "half a fact."

is that a fact in this case? Is not the plaintiff here attempting to do by the use of Rule 36 that which he might not be able to do at the trial of the cause? Such a statement obviously could be used to attack credibility or to impeach the witness but only after laying a proper foundation and perhaps not even then if other factors in the case did not prevent it. Can we say that a party to litigation of this type can presume that perjury will be committed or that a statement will be made differently at the trial than it was in another proceeding and that therefore he should be prepared to meet that by having proof of contradiction in advance? If it is relevant to the issues in this case that this defendant knew the "seriousness of children, a boy 11 years old, as a child, handling guns," and if we further assume that is a relevant factor and we understand what he means by "seriousness", then is this the proper method to be used to prove it? Should a party to an action be permitted, by the use of admissions, whether or not they can be explained later, to avoid the time-honored restrictions of leading questions and rules of cross-examination?

We note that Judge Holtzoff cites with approval [6] the case of Walsh v. Connecticut Mut. Life Ins. Co. of Hartford, Conn., D.C.1939, 26 F.Supp. 566, in which some 13 requests for admissions were made. We note there that the questions were succinct, direct and capable of a yes or no answer. They were such questions as would not have violated the rules of evidence had they been asked at the trial. They went to the very heart of the issue. No unfair advantage was taken of a party's adversary nor did they include conclusions, innuendo, inferences and references to other proceedings requiring long and detailed explanation in order to get at the truth or to reach the relevancy of the facts involved.

■ We might also add that there are questions here in which one part of the question could be readily answered yes or no, whereas the remainder of the question required explanation. In our opinion, the Court should not have to sort out the questions and break them down into categories and compel the adversary to answer one part and not answer the other. The questions should be so submitted that they are direct, material, relevant and concise, and, in general, capable of answer by a yes or no. A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege. To hold otherwise we are convinced would lead to long and interminable hearings on requests for admissions which would serve no real purpose. Parenthetically, there is some advantage now being taken of the rules regarding depositions and interrogatories which result in harassment and tend to delay the issue rather than bringing it to a quick and just conclusion. The purpose of Rule 36 in simple terms seems to us rather obvious, particularly in regard to documents. As to material facts, we are all well aware that there are cases in which by the proper use of the Rule time-consuming proofs can be avoided, the issues reached more quickly and directly and justice served by open and fair disclosure of all relevant and material facts. However, to use the Rule to obtain proofs or evidence not otherwise obtainable not only defeats the purpose of the rules but does not serve the ends of justice in our opinion.

6. "A Judge Looks at the Rules" by Hon. Alexander Holtzoff, reported in 1959 Federal Rules of Civil Procedure at p. 10.