**HAVENFIELD CORPORATION,**
Plaintiff,

v.

**H & R BLOCK, INC., Defendant.**
Civ. A. No. 20529-3.

United States District Court,
W. D. Missouri, W. D.
July 18, 1973.

Frederick Beihl, William G. Zimmerman, Shook, Hardy, Mitchell & Bacon, Kansas City, Mo., for plaintiff.

George Winger, William Levi, Smith, Schwegler, Swartzman & Winger, Kansas City, Mo., for defendant.

## ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION FOR AN ORDER THAT CERTAIN FACTS QUALIFIEDLY DENIED OR ADMITTED BY PLAINTIFF BE TAKEN AS ADMITTED

WILLIAM H. BECKER, Chief Judge.

On September 5, 1972, plaintiff Havenfield Corporation, filed herein a complaint for damages against defendant H & R Block, Inc., alleging, in separate counts, that (1) plaintiff "acting as an intermediary, identified and presented to defendant and Consumer Communication Service Corporation (hereinafter 'CCSC') a business opportunity concerning defendant's acquisition of CCSC, and in this regard plaintiff performed various services" and that defendant did acquire CCSC "for which transaction plaintiff was the procuring cause" and "with respect thereto, it was *understood and agreed between plaintiff and defendant,* that plaintiff was providing said services not as a gratuity but that defendant would pay plaintiff a reasonable commission for such services . . . [that is] the ordinary and customary commission for such an investment banking service" and (2) "Plaintiff furnished said investment banking services to defendant with the *expectation* that plaintiff would be paid a reasonable fee" and the defendant "accepted and utilized said investment banking services" and that defendant "failed and refused to pay plaintiff said amount [$120,000]" after "demands for the payment" had been made upon the defendant. (Emphasis added.) Plaintiff seeks $120,000 in damages under each count. Although not stated as such, plaintiff's counts appear to sound in

contract (oral or written) and in contract implied in fact.

On April 13, 1973, defendant filed and served on plaintiff a "Request for Admission of Facts." On May 14, 1973, plaintiff filed and served on defendant its "Response to Defendant's Request for Admission of Facts." On May 24, 1973, defendant filed herein a "Motion for Order That Certain Facts Qualifiedly Denied or Admitted by Plaintiff be Taken as Admitted," including therewith attached suggestions in support thereof. In the suggestions in opposition, defendant contends that "Plaintiff's responses to paragraphs 1, 2, 3, 7, 9 and 11 [infra] of defendant's Requests are not responsive to the Requests and are evasive and self-serving." On May 29, 1973, plaintiff filed "Suggestions in Opposition to Defendant's Motion," and defendant replied on May 30, 1973.

The request for admissions and corresponding answers at issue are noted below as follows:

### "Request No. 1

"Defendant asked plaintiff to admit:

" 'No written agreement exists between plaintiff and defendant for the payment of any compensation to plaintiff in connection with defendant's acquisition of Consumer Communication Services Corporation (hereinafter "C. C.S.C.").'

"Plaintiff responded:

" 'Denied except admitted that no formal written contract exists between plaintiff and defendant for services performed by plaintiff for defendant concerning defendant's acquisition of CCSC.'

### "Request No. 2

"Defendant asked plaintiff to admit:

" 'Prior to March 24, 1971, plaintiff and defendant did not communicate orally or in writing regarding payment of any compensation to plaintiff in connection with a possible relationship between defendant and C.C.S.C.'

"Plaintiff responded:

" 'Denied, except admitted that prior to March 24, 1971, plaintiff and defendant did not communicate orally or in writing regarding the applicability of any fee schedule concerning payment to plaintiff for services rendered by plaintiff for defendant.'

### "Request No. 3

"Defendant asked plaintiff to admit:

" 'Prior to November 23, 1971, plaintiff and defendant did not communicate orally or in writing regarding the payment of any compensation to plaintiff in connection with an acquisition by defendant of C.C.S.C.'

"Plaintiff responded:

" 'Denied, except admitted that prior to November 23, 1971 plaintiff and defendant did not communicate orally or in writing regarding the applicability of any fee schedule concerning payment to plaintiff for services rendered by plaintiff to defendant in connection with the acquisition by defendant of CCSC.'

### "Request No. 7

"Defendant asked plaintiff to admit:

" 'After March 24, 1971, defendant did not request plaintiff to perform any services in connection with a possible relationship between defendant and C.C.S.C.'

"Plaintiff responded:

" 'Admitted with qualifications that plaintiff indicated on or about April 16, 1971, that CCSC and defendant could maintain contact through plaintiff, and that thereafter defendant informed plaintiff that defendant would advise plaintiff if defendant needed any assistance.'

*"Request No. 9*

"Defendant asked plaintiff to admit:

" 'In the absence of a written agreement, investment bankers performing a "finding" function are customarily compensated on the basis of the services in fact performed.'

"Plaintiff responded:

" 'Admitted with qualification that services in fact performed are unrelated to any hourly charge or hourly time invested.'

*"Request No. 11*

"Defendant asked plaintiff to admit:

" 'Prior to the meeting in February of 1972 in Kansas City, Missouri between representatives of plaintiff and defendant, plaintiff did not advise defendant orally or in writing that plaintiff considered an appropriate "finder's fee" to be based on the formula 5%–4%–3%–2%–1%.'

"Plaintiff responded:

" 'Admitted with qualification that prior to the meeting in February of 1972 in Kansas City, Missouri between representatives of plaintiff and defendant, defendant was fully aware and knew that a "finder's fee" based on the formula 5%–4%–3%–2%–1% was utilized in such situations and would be appropriate in the instant case for determining the amount of plaintiff's fee.' "

The question presented is whether the plaintiff's qualified answers to defendant's requests for admissions of fact are clear, specific and direct so as to meet the compliance requirements of Rule 36(a) of the Federal Rules of Civil Procedure.

■ It is concluded that the answers to defendant's requests for admissions are not clear, specific, and direct as required by Rule 36(a) of the Federal Rules of Civil Procedure; that in fact the answers to the requests for admissions are impermissible.

Rule 36(a) of the Federal Rules of Civil Procedure states, in part, that:

"A party may serve upon any other party a written request for the admission . . . *of the truth of any matters* within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ..

.　　.　　　.　　.　　　.　　　.

"The *answer shall specifically deny the matter* or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. *A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.*" (Emphasis added.)

■ Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification. 4A Moore's Federal Practice, 2nd Ed. ¶ 36.05[a] at 35–36. The request, "except in a most unusual circumstance, should be such that it [can] be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42 (E.D.Pa.1960), 3 F.R.Serv.2d 36a.13, Case 1; *see also,* United States v. Watchmakers of Switzerland Information Center, Inc., 25 F.R.D. 197 (S.D.N.Y.1959); Securities & Exchange Commission v. Micro-Moisture Controls, Inc., 21 F.R.D. 164 (S.D.N.Y. 1957); Baldwin v. Hartford Acc. & Indem. Co., 15 F.R.D. 84 (D.C.Neb.1953). On the other hand, a requesting party

should not state "half a fact" or "half truths" which require the answering party to qualify responses. *See, e.g.*, Johnstone v. Cronlund, *supra*; Knowlton v. Atchison, Topeka & Santa Fe Ry., 11 F.R.D. 62 (W.D.Mo.1951).

Defendant's request for admissions of fact and the specific statements made therein do not appear to be so complex or imprecise so as to necessitate qualified responses. In fact, defendant's statements of fact are couched in general, unequivocal terms which appear to facilitate unequivocal admissions or denials.

 *"A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party deny only a part or a qualification of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder."* Dulansky v. Iowa-Illinois Gas & Electric Co., 92 F.Supp. 118, 123 (S.D.Iowa 1950); Southern Ry. v. Crosby, 201 F. 2d 878 (4th Cir. 1953); United States Plywood Corp. v. Hudson Lumber Co., 127 F.Supp. 489 (S.C.N.Y.1954). The above-quoted portion of Rule 36(a) sets forth clearly "the drastic character of the burden placed upon the one to whom the requests are made. It is clear, unambiguous, unequivocal and means just what it says. Walsh v. Conn. Mut. Life Ins. Co., D.C., 26 F.Supp. 566." Dulansky v. Iowa-Illinois Gas & Electric Co., *supra*. Furthermore, when good faith requires that a party deny only a part or qualify certain matter of which an admission is requested, such qualification or part denial must be clear. 4A Moore's Federal Practice, 2nd Ed. ¶ 36.05[4] at 36.36. One cannot answer properly in the alternative but "must

comply strictly and literally with the terms of the statute upon peril of having [one's] response construed to be in legal effect an admission." Dulansky v. Iowa-Illinois Gas & Electric Co., *supra*. Thus, a denial of the *accuracy* of a statement contained in a request for admissions or a "denial coupled with a general exception of doubtful import," may not constitute a denial of the "essential truth" contained therein and may thereby amount to an admission. *See, e.g.*, Southern Ry. v. Crosby, 201 F.2d 878, 880 (4th Cir. 1953) 36 A.L.R.2d 1186, 1189–1190. Bowles v. Batson, 61 F.Supp. 839 (D.C.S.C.1945), affirmed, 154 F.2d 566, 568 (4th Cir. 1946); United States v. Schine Chain Theatres, 4 F.R.D. 109, 111–112 (W.D.N.Y.1944).

Plaintiff's qualified answers to requests 1, 2, 3, 7, 9, and 11 do not fully "meet the substance of the requested admission[s]" in that the answers are nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein. *See*, Riordan v. Ferguson, 147 F.2d 983 (2nd Cir. 1945), 36 A.L.R.2d 1196; Adley Express Co. v. Highway Truck Drivers and Helpers Local No. 107, 349 F.Supp. 436 (E. D.Pa.1972); Southern Ry. v. Crosby, *supra*.

For the foregoing reasons, it is therefore

Ordered that defendant's motion be, and it is hereby, granted upon condition that the plaintiff failed to file in writing on or before 1:30 p.m. on July 19, 1973, proper answers under the requirements of Rule 36, F.R.Civ.P.; that in default of such filing the facts stated in the defendant's request for admissions shall be deemed to be admitted.