107 T.C. No. 2


UNITED STATES TAX COURT


JAMES LUTHER COCHRANE, Petitioner $v$. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 2002-95.                    Filed August 7, 1996.


        P was ordered to file responses to R's requests
for admission.  P's subsequent responses to the
requests for admission were evasive and incomplete and
contained time-worn tax protester statements.  R moved
for sanctions, asking that the matter in the requested
admissions be taken as established for purposes of this
case.

        Rule 90(c), Tax Court Rules of Practice and
Procedure, generally requires that a party upon whom a
request for admission is served specifically admit or
deny the proposed admission.  Rule 104(c), Tax Court
Rules of Practice and Procedure, provides that the
Court may sanction a party who fails to obey an order
with respect to the provisions of Rule 90 by ordering
that the matter in the requested admissions be taken as
established for purposes of the case.  Rule 104(d)
provides that an evasive or incomplete response to a
requested admission is to be treated as a failure to
respond.

1. **Held**: Sanctions imposed; the matters contained in R's requested admissions are established for purposes of this case.

2. **Held, further**: P had unreported taxable income as determined by R for each of the years in issue. P is also liable for an addition to tax for fraud under sec. 6653(b), I.R.C., for each of the years in issue, an addition to tax for substantial understatement of income tax under sec. 6661, I.R.C., for 1984, and an addition to tax for failure to pay estimated tax under sec. 6654, I.R.C., for 1986.

James Luther Cochrane, pro se.

Karen N. Sommers, for respondent.


OPINION


RUWE, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6661 |
| 1983 | $3,264 | $1,632 | 50 percent of the interest due on $3,264 | -- |
| 1984 | 6,767 | 3,384 | 50 percent of the interest due on $6,767 | $1,692 |
| 1985 | 2,133 | 1,067 | 50 percent of the interest due on $2,133 | -- |

| Year | Deficiency | Additions to Tax | | |
| | | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6654 |
| 1986 | $2,884 | $2,163 | 50 percent of the interest due on $2,884 | $139 |

The issues for decision are: (1) Whether petitioner received taxable income as determined by respondent for each of the years in issue; (2) whether petitioner is liable for an addition to tax for fraud under section 6653(b)[1] for each of the years in issue; (3) whether petitioner is liable for an addition to tax for substantial understatement of income tax under section 6661 for 1984; and (4) whether petitioner is liable for an addition to tax for failure to pay estimated tax under section 6654 for 1986.

Prior to trial, the Court granted respondent's motion to impose sanctions pursuant to Rule 104(c), as a result of petitioner's failure to obey our order that he respond to requests for admission. We ordered that the matter contained in respondent's requests be taken as established for purposes of this case. Because of the importance of this ruling to the outcome of this case, we will explain the relevant procedural history as well as the reasoning behind our imposition of sanctions.

## Procedural Background

From the inception of this case, petitioner demonstrated that he intended to rely upon frivolous positions. For example,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

attached to his amended petition was a document entitled "Preliminary Statement and Refusal for Cause", in which petitioner purports to reject respondent's notices of deficiency. Among the reasons given were that petitioner was a "nontaxpayer (i.e., not liable for any true tax class of taxable income)" and that he was not a "U.S. person" but rather "a foreign person residing in a foreign state (i.e., California Republic)." On May 15, 1996, petitioner filed a motion to review the sufficiency of the notice of deficiency, in which he made essentially the same arguments and also asserted that "studies also prove that a shrewd and criminal Constructive Fraud has been slipped over America by government under counterfeit 'color of law'", and that he will "'squarely challenge' the fraudulent usurping and octopus-like JURISDICTION AUTHORITY" asserted over him. The record contains similar instances of petitioner's conduct, but the above examples are sufficient to show the nature of petitioner's approach in this case.

On March 18, 1996, respondent served petitioner with requests for admission. The requests consisted of 41 paragraphs, including 9 attached exhibits. Respondent's statements of fact were clear, concise, and understandable. They were couched in unequivocal terms, which facilitate unequivocal responses. On April 22, 1996, petitioner filed an objection to respondent's requests for admission.

On May 6, 1996, respondent filed a motion to review the sufficiency of petitioner's objections to respondent's requests for admission.  On May 9, 1996, this Court ordered petitioner to respond to the requested admissions on or before May 20, 1996. The order expressly warned petitioner that if he failed to comply, the Court would be inclined to impose sanctions pursuant to Rule 104(c), the provisions of which were quoted in the order. On May 28, 1996, we granted petitioner's request for an extension of time to June 10, 1996, in which to file his response.

On June 10, 1996, petitioner served respondent with petitioner's supplemental response to the requests for admission. In responses 31 through 33, petitioner admitted that the 1983, 1984, and 1985 Federal income tax returns attached as exhibits to respondent's requests for admission "represent return information filed by petitioner for 1983, 1984, and 1985".  However, petitioner qualified these admissions and noted an objection to these exhibits "if they constitute improper forms to utilize for his correct filing status during these periods."[2]

---

[2]Each of petitioner's 1983, 1984, and 1985 returns reports wages and includes a Form W-2 from his employer, General Dynamics Corp.  The 1983 return also includes a Form W-2 from petitioner's employer, Rohr Industries, Inc.  On each of those returns, petitioner claimed that all his wage income was excludable from taxable income as income earned for services performed in a foreign country.  On Forms 2555, attached to each return, petitioner stated that he was physically present in a foreign country for the entire 12-month period covered by each return.

Petitioner's remaining answers were evasive and unresponsive, as illustrated by the following examples:

(1) In request for admission (request) 1, respondent asserted that during the years in issue, petitioner worked as an engineering technician for General Dynamics Corp. and Rohr Industries, Inc., in San Diego and Chula Vista, California, respectively.  In petitioner's response, he stated that he

> is without knowledge or information sufficient to form a belief as to the truth of respondent's allegations. Respondent has not identified the term "employed" to be defined within the subject matter or scope of any statute and implementing regulation.
>
> In further reply, Petitioner had no contract of employment with either General Dynamics Corporation or Rohr Industries.

(2) In request 3, respondent asserted that petitioner resided at 1655 Oleander Avenue, Chula Vista, California, during the years in issue.  In response, petitioner stated that he "is without knowledge or information sufficient to form a belief as to the truth of respondent's allegations. * * * [R]espondent has not defined 'residing' under a statute or section of a statute and its implementing regulations."

(3) In request 5, respondent asserted that petitioner did not reside outside the United States at any time during the years in issue.  In response, petitioner again stated that he lacked sufficient information to answer.  In addition, he stated that "respondent does not cite any statute * * * defining 'reside' or

'United States' in order to specify any of several possible definitions applicable to these terms."

(4) In request 6, respondent asserted that petitioner did not receive any income from sources outside the United States during the years in issue. In response, petitioner stated that "respondent does not cite statute and its implementing regulation defining the terms 'income' or 'United States' used in the allegation."

(5) In request 10, respondent asserted that petitioner reported on his tax returns for 1983 through 1985 that certain wages were excluded from gross income as income earned while physically present in a foreign country during the entire 12 months of the taxable year. In response, petitioner contended that the "Statements are presumptive of law and are not facts susceptible to admission or denial by petitioner." In addition, petitioner stated that "respondent does not define the term 'wages' or the term 'taxable years' used in reference to petitioner in this case" and that "respondent fails to identify any * * * authority for establishing California [as a] state under federal revenue jurisdiction."

(6) In requests 15 through 17, respondent asserted that during 1984 through 1986, petitioner conducted a tax return preparation and tax counseling business and that petitioner received, but failed to report, fees in 1984, 1985, and 1986. Respondent listed the names of specific payors and the amounts

they paid to petitioner. In response, petitioner stated that respondent failed to identify "by statute and regulation any activity for which petitioner would receive income from 'fees', or a statute and regulation identifying any amount in question as a 'fee'."

(7) In requests 34 through 39, respondent attached copies of canceled checks and asserted that petitioner received these checks from clients of his tax return preparation and tax counseling business in exchange for services rendered. In requests 40 and 41, respondent attached a copy of a receipt given by petitioner to John Morales and asserted that the receipt was given by petitioner in exchange for payment by Mr. Morales for petitioner's income tax services. Petitioner's response to each of these requests was essentially the same: "petitioner objects to respondent's exhibit * * * as inconclusive of income, and respondent fails to identify as income under any statute and regulation, and is not identified as any income item by tax class or other identification."

(8) In request 18, respondent asserted that, when interviewed by Internal Revenue Service (IRS) special agents concerning his income tax liabilities for the years in issue, petitioner told the agents that he was not in business, and did not own any interest in a business. In response, petitioner stated that he lacked "knowledge of any 'effectively connected

income' or 'liability' under a revenue law for any calendar year."

(9) In request 21, respondent asserted that petitioner informed the IRS special agents that he earned no income in 1986 and was not required to file a return for that year. In response, petitioner explained that he "did not state that he had 'earned no income', although this may be factual; but petitioner had no 'earned income' or items amounting to income to the best of his knowledge and belief."

(10) In requests 22 and 23, respondent asserted that petitioner advised his clients to claim the foreign earned income exclusion on their returns and that none of petitioner's clients actually resided or worked outside the United States during 1984, 1985, or 1986. In response, petitioner stated that respondent failed to define the terms "client", "resided", and "United States".

On January 19, 1996, the parties were notified that this case was scheduled for trial on June 17, 1996, in San Diego, California. When the case was called on June 17, 1996, petitioner made an oral motion for continuance for the purpose of obtaining discovery, which was denied. Respondent then filed a motion to impose sanctions upon petitioner, pursuant to Rule 104(c), for failure to comply with our May 9, 1996, order that petitioner respond to the requests for admission. Petitioner objected and argued against respondent's motion for sanctions.

Petitioner's arguments were essentially the same as those contained in his written responses to the requests for admission. Petitioner did not deny the truth of the allegations contained in the requests.

Rule 90(a) permits a party to serve upon any other party written requests for admission of the truth of any matter that relates to statements or opinions of fact or of the application of law to fact. Rule 90(c) provides that each matter is deemed admitted unless

> within 30 days after service of the request or within such shorter or longer time as the Court may allow, the party to whom the request is directed serves upon the requesting party (1) a written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be truthfully admitted or denied and setting forth in detail the reasons why this is so, or (2) an objection, stating in detail the reasons therefor. * * *

Rule 90(c) further provides that an

> answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless such party states that such party has made reasonable inquiry and that the information known or readily obtainable by such party is insufficient to enable such party to admit or deny. * * *

In addition, Rule 104(c) provides:

> If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 90, then the Court may make such orders as to the failure as are just, and among others the following:

> (1) An order that the matter regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the case in accordance with the claim of the party obtaining the order.

Rule 104(d) provides that a party's evasive or incomplete response is treated as a failure to respond for purposes of Rules 90 and 104.

Rule 104(c) provides authority for the imposition of sanctions where a party who has been ordered to respond to requests for admission files an evasive or incomplete response. One of those potential sanctions is an order that the matter in the requests for admission be taken as established for purposes of the case. Petitioner failed to admit or deny the truth of the specific requests for admission. Instead, his responses were evasive and incomplete. He attempts to justify this tactic by questioning the meaning of the common terms and language used in the requests. We will not repeat the quibbles that petitioner used to justify his evasive and incomplete responses. Suffice it to say that they are based on time-worn tax protester arguments that have been universally rejected by the courts. See, e.g., United States v. Hanson, 2 F.3d 942, 945 (9th Cir. 1993); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986); see also Santangelo v. Commissioner, T.C. Memo. 1995-468 (and cases cited therein), affd. without published opinion 87 F.3d 1322 (9th Cir. 1996).

In interpreting and applying our Rules, we generally seek guidance from judicial decisions interpreting the counterparts to our Rules in the Federal Rules of Civil Procedure. Dusha v. Commissioner, 82 T.C. 592, 599 (1984). The analog to Rule 90(a)-(c) is rule 36(a) of the Federal Rules of Civil Procedure. Freedson v. Commissioner, 65 T.C. 333, 334 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Notes to Rule 90(a)-(c), 60 T.C. 1057, 1114-1116.

In Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981), the court upheld the propriety of imposing the sanction of deeming certain matters admitted for violation of rule 36(a) of the Federal Rules of Civil Procedure. In doing so, the court stated, id. at 1246, that the discovery process is subject to the "overriding limitation" of good faith, that "callous disregard" of discovery responsibilities cannot be condoned, and that:

> The general power of the district court to control the discovery process allows for the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a). [Id. at 1247.]

The court expressly stated:

> It is also clear that an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. * * * Since such a response does not comply with the literal

requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted.* * * [Id. at 1245.[3]]

See also Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96-97 (W.D. Mo. 1973).

The responses to the requests for admission that petitioner provided pursuant to our order were evasive, incomplete, and not made in good faith. We therefore ordered that the facts asserted in respondent's requests be taken as established pursuant to Rule 104(c). No additional sanctions were imposed, and petitioner was given the opportunity to present evidence at trial. Petitioner chose not to testify and did not call any other witnesses.

---

[3]In Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1244 (9th Cir. 1981), the defendants responded to 18 of the plaintiff's requests for admission as follows:

"Answering party cannot admit or deny. Said party has made reasonable inquiry. Information known or readily obtainable to this date is not complete. Investigation continues."

The Court of Appeals rejected the view that a party can avoid the admission or denial of a proper request for admission simply by "tracking" the language of Fed. R. Civ. P. 36(a):

We are not persuaded that an answer to a request for admission necessarily complies with Rule 36(a) merely because it includes a statement that the party has made reasonable inquiry and that the information necessary to admit or deny the matter is not readily obtainable by him. The discovery process is subject to the overriding limitation of good faith. * * * [Id. at 1246.]

Respondent announced that she would rely upon the deemed admissions, which we incorporate herein by this reference.[4]

## Discussion

### Deficiencies for the Taxable Years in Issue

For purposes of convenience, we will combine our findings of fact and opinion.

During the years in issue, petitioner resided in Chula Vista, California, U.S.A. From 1983 through 1985, petitioner worked as an engineering technician for General Dynamics Corp. in San Diego, California. In 1983, petitioner worked for Rohr Industries, Inc., in Chula Vista, California. During 1983, 1984, and 1985, petitioner received wages from General Dynamics Corp. in the amounts of $4,729.40, $30,359.84, and $6,206.99, respectively. Petitioner received $13,223.05 in wages from Rohr Industries, Inc., in 1983.

On his Federal income tax returns for 1983 through 1985, petitioner reported these wages and claimed that they were excludable from gross income as foreign earned income. See sec. 911(a) and (b). Petitioner's apparent position is that the State of California is not part of the United States. Courts have long

---

[4]We have often decided cases on the basis of deemed admissions. See, e.g., Marshall v. Commissioner, 85 T.C. 267, 271 (1985); Doncaster v. Commissioner, 77 T.C. 334, 336 (1981); Freedson v. Commissioner, 65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978).

rejected tax protester arguments of this sort. See, e.g., <u>United States v. Hanson</u>, <u>supra</u> at 945; <u>United States v. Studley</u>, <u>supra</u> at 937.

Petitioner also conducted a tax return preparation and tax counseling business from 1984 through 1986. Petitioner advised his clients to file Federal income tax returns claiming the same foreign earned income exclusion that petitioner claimed on his returns. None of petitioner's clients actually worked or resided outside the United States at any time during 1984, 1985, or 1986. Petitioner received fees of $1,800 in 1984, $6,190 in 1985, and $12,790 in 1986.[5] Petitioner failed to report these fees as income on his 1984 and 1985 income tax returns, and he has not yet filed a return for 1986.

When interviewed by IRS special agents on April 15, 1987, petitioner stated that he had never received payment from anyone in exchange for his tax return preparation and counseling services. Petitioner also informed the agents that he had earned no income in 1986 and was not required to file a return for the

_____

[5]In request 15, respondent lists the individuals who paid petitioner for his tax return preparation and tax counseling services plus the amount and year of payment. Request 15 asserts that Barbara Gibson paid petitioner $2,108 in 1985. In request 38, respondent attached a copy of Barbara Gibson's canceled check, which is dated Mar. 21, 1986, and payable to petitioner in the amount of $2,108. We, therefore, find that petitioner received this amount from Barbara Gibson in 1986 rather than 1985. With this adjustment, the amounts listed in request 15 correspond to the amount of tax return preparation fees listed in the notices of deficiency for 1984, 1985, and 1986.

year. When questioned regarding his Federal income tax liabilities for each of the years in issue, petitioner stated that he was not in business and had never had any interest in a business.

During 1985, petitioner received $152 in interest on a Federal income tax refund, $521.47 in interest earned on his Rohr Federal Credit Union account, and $22.28 in interest earned on his North Island Federal Credit Union account. Petitioner improperly reported this interest on his 1985 return as "excluded under Internal Revenue Code § 103(a)(1)".[6]

Petitioner understated his taxable income for 1983 through 1985 in the amounts of $19,609, $31,340, and $12,053, respectively. Petitioner also failed to file his 1986 return and had unreported taxable income for that year in the amount of $11,710. Petitioner understated his income tax liabilities for the years 1983, 1984, 1985, and 1986 in the amounts of $3,264, $6,564, $1,403, and $1,311, respectively.

## Addition to Tax for Fraud Under Section 6653(b) for 1983-86

Respondent determined that petitioner is liable for an addition to tax for fraud for each of the years in issue.

---

[6]Sec. 103(a)(1) excludes from gross income interest earned on the obligations of a State, Territory, or possession of the United States.

Respondent bears the burden of proof on this issue.  Sec. 7454(a); Rule 142(b).

For the taxable years 1983 through 1985, if any portion of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment, as well as an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to fraud.  Sec. 6653(b)(1) and (2).  For the taxable year 1986, the addition to tax is equal to 75 percent of the portion of any underpayment attributable to fraud, plus 50 percent of the interest due on this portion.  Sec. 6653(b)(1)(A) and (B).  If respondent establishes that any portion of the underpayment for 1986 is attributable to fraud, then the entire underpayment is to be treated as attributable to fraud, except with respect to any portion of the underpayment that petitioner establishes is not attributable to fraud.  Sec. 6653(b)(2).

In order to discharge her burden, respondent must prove by clear and convincing evidence that:  (1) An underpayment exists for the years in issue, and (2) some portion of the underpayment is due to fraud.  Sec. 7454(a); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).  The facts contained in respondent's requests for admission establish that there was an underpayment of tax for each of the years in issue in the amounts determined by respondent.

Respondent must also show that petitioner intended to evade taxes known to be owing by conduct designed to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never imputed or presumed. Instead, it must be affirmatively established by the Commissioner with clear and convincing evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970). Since direct proof of a taxpayer's intent is rarely available, fraud may be proven with circumstantial evidence and reasonable inferences drawn from established facts. Spies v. United States, 317 U.S. 492, 500 (1943); Rowlee v. Commissioner, supra at 1123.

Petitioner understated his taxable income for 1983 through 1985 and failed to file a return altogether for taxable year 1986. Such conduct constitutes strong evidence of fraud. Otsuki v. Commissioner, 53 T.C. 96, 107-108 (1969); Adams v. Commissioner, T.C. Memo. 1990-38. On the tax returns that he did file, petitioner falsely stated that his income was excludable because he resided outside the United States. When interviewed by IRS special agents concerning his Federal income tax liabilities for the years in issue, petitioner stated that he was

not in business and never had a business of his own or any interest in a business. Petitioner also stated that he had never prepared Federal income tax returns for others, or counseled or advised anyone in the preparation of returns. The facts established by the deemed admissions demonstrate that these statements were untrue. Such failure to cooperate with tax authorities is further evidence of fraud. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601.

We conclude that the record contains clear and convincing evidence of petitioner's fraudulent attempt to evade income taxes for each of the years in issue. Accordingly, we sustain the additions to tax for fraud.

## Addition to Tax for Substantial Understatement of Income Tax in 1984

Respondent determined that petitioner is liable for an addition to tax for substantial understatement of income tax under section 6661(a) for 1984. Section 6661(a) provides for an addition to tax equal to 25 percent of the amount of the underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498, 503 (1988). An understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6661(b)(1)(A). This amount may be reduced,

however, if the taxpayer shows that there was substantial authority for his treatment of an item, or that the relevant facts affecting the tax treatment of the item are adequately disclosed on the return or in a separate statement attached to the return. Sec. 6661(b)(2)(B). Petitioner bears the burden of proof. Rule 142(a); <u>Hall v. Commissioner</u>, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337.

Petitioner has failed to offer any evidence on this issue, and we sustain respondent's determination.

## Addition to Tax for Failure To Pay Estimated Tax Under Section 6654 in 1986

Respondent determined that petitioner is liable for an addition to tax for failure to pay estimated income tax under section 6654(a) for 1986. Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of this addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute. Sec. 6654(a); <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 222 (1992); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980). Petitioner bears the burden of proving his entitlement to any exception. <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 319-320 (1982).

Petitioner has not filed his 1986 return or made any estimated tax payments for the year, nor has he shown that any of the statutory exceptions are applicable in this case.  We, therefore, sustain respondent's determination.

<u>Decision will be entered</u>

<u>for respondent</u>.