T.C. Memo. 2012-178

UNITED STATES TAX COURT

JACYNTHIA QUINN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9140-10.                    Filed June 27, 2012.

Jacynthia Quinn, pro se.

Blake W. Ferguson and Heather K. McCluskey, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, Judge:  Respondent determined deficiencies in petitioner's

Federal income tax of $9,940 and $8,040 for 2006 and 2007, respectively (years at

issue). After concessions from both parties,[1] we are asked to decide two issues. The primary issue is whether petitioner, a tax compliance officer for the Internal Revenue Service (IRS), is entitled to claimed charitable contribution deductions, medical and dental expense deductions, and dependency exemption deductions. We hold that she is not entitled to the claimed deductions. We must also decide whether petitioner is liable for the civil fraud penalty under section 6663 for the years at issue.[2] We hold that she is liable for the civil fraud penalty.

## FINDINGS OF FACT

The parties have stipulated some facts. We incorporate the stipulation of facts and accompanying exhibits by this reference. Petitioner resided in California when she filed the petition.

---

[1]Respondent concedes that petitioner's husband Michael Quinn made charitable contributions of $175 for 2006 and $10 for 2007. Respondent also concedes that petitioner paid $30 of medical expenses for 2007. Petitioner conceded at trial that the couple could not claim their two daughters, Dayrell and Wilonda, as dependents for 2006.

[2]All section references are to the Internal Revenue Code for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Petitioner is married to Michael Quinn (collectively, the couple).[3]  Petitioner earned a bachelor of arts degree in education from Prairie View A&M University. Petitioner also attended accounting courses after completing college.

Petitioner began a career with the IRS in the 1980s.  Petitioner has served as a tax compliance officer since the 1990s.  She remains in that position at the IRS office in El Monte, California.

Tax compliance officers, among other things, audit returns and examine deductions claimed on Schedule A, Itemized Deductions.  The process requires the tax compliance officer to meet with a taxpayer, review the taxpayer's records and determine whether the taxpayer substantiated the claimed deductions.  The IRS formally trained petitioner to conduct such audits.  Petitioner regularly audited individual returns where charitable contributions and medical expenses were at issue.

The deficiencies arise from the couple's joint Federal income tax returns for the years at issue.  Petitioner prepared and electronically filed each return.  The couple claimed charitable contributions of $23,549 for 2006 and $24,567 for 2007.

---

[3]The couple filed joint Federal income tax returns for the years at issue.  Mr. Quinn did not sign or ratify the petition.  A spouse that does not sign a petition requesting review of a joint deficiency notice must ratify the petition and intend to become a party to that case.  Otherwise, the Court lacks jurisdiction over the nonsigning spouse.  See Levitt v. Commissioner, 97 T.C. 437, 441 (1991).

The couple also claimed medical and dental expenses of $22,217 for 2006 and $25,325 for 2007. Additionally, the couple claimed petitioner's mother, Bettie Mitchell, and their sons, Michael D. Quinn (Michael) and Marlon L. Quinn (Marlon) as dependents for 2006. Petitioner claimed Ms. Mitchell and Marlon as dependents for 2007. Michael and Marlon were both older than 19 during the years at issue. Ms. Mitchell resided in Alabama and had $13,950 of Social Security income for 2006 and $14,418 for 2007. Petitioner provided Ms. Mitchell support of $650 in 2006 and $400 in 2007.

Respondent reviewed the joint income tax returns for the years at issue. Petitioner provided a binder of photocopied documents purportedly substantiating the charitable contributions and medical and dental expenses. Petitioner canceled three hearings with the Appeals officer shortly before they were scheduled to occur. Petitioner failed to provide originals of the documents that the Appeals officer requested.

Respondent issued the couple the deficiency notice disallowing the deductions for claimed charitable contributions and medical and dental expenses. Petitioner timely filed a petition. Before trial respondent filed an amendment to his answer asserting petitioner was not entitled to any claimed dependency

exemptions for the years at issue. Petitioner now concedes two of the children were not eligible dependents.

OPINION

This is primarily a substantiation case in which we must decide whether petitioner, a tax compliance officer for the IRS, is entitled to the claimed deductions and dependency exemptions. We also need to decide whether petitioner is liable for the civil fraud penalty. We address each issue in turn.

I. Claimed Deductions and Exemptions

We begin with the burden of proof.

A. Allocation of the Burden of Proof

Determinations of the Commissioner in a deficiency notice are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are generally a matter of legislative grace, and the taxpayer bears the burden of proving he or she is entitled to claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to

establish he or she is entitled to the deductions. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 90. The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. Beam v. Commissioner, T.C. Memo. 1990-304 (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)), aff'd without published opinion, 956 F.2d 1166 (9th Cir. 1992).

The burden may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain conditions. Sec. 7491(a); Snyder v. Commissioner, T.C. Memo. 2001-255 (citing H. R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995). Respondent challenged the claimed charitable contributions and medical and dental expenses in the deficiency notice. Petitioner has not complied with the substantiation requirements of section 7491(a) with respect to those items. See Higbee v. Commissioner, 116 T.C. 438 (2001). The burden of proof therefore remains on petitioner. See Rule 142(a).

The Commissioner bears the burden of proof, however, on any new matters, increases in deficiencies or affirmative defenses pleaded in his answer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. at 115; see also Shea v. Commissioner, 112 T.C. 183, 190-191 (1999); Parker v. Commissioner, T.C. Memo. 2012-66; Bobo v. Commissioner, T.C. Memo. 2010-121. Respondent first raised in his

amended answer the dependency exemptions the couple claimed. Thus, the burden of proof rests with respondent with respect to the dependency exemptions.

B. <u>Charitable Contributions</u>

We now consider the claimed charitable contributions. A taxpayer's charitable contributions are generally deductible under section 170(a). No deduction is allowed, however, for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by a qualified donee organization. Sec. 170(f)(8)(A). The amount of the deduction for a contribution of property generally equals the fair market value of the property on the date contributed. Sec. 1.170A-1(c)(1), Income Tax Regs.

A taxpayer claiming a charitable contribution is generally required to maintain for each contribution a canceled check, a receipt from the donee charitable organization showing the name of the organization and the date and amount of the contribution, or other reliable written records showing the name of the donee and the date and amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs. No deduction for a contribution of money in any amount is allowed unless the donor maintains a bank record or written communication from the donee showing the name of the donee organization, the date of the contribution

and the amount of the contribution. Sec. 170(f)(17). The taxpayer has the burden of demonstrating that the records are reliable. Sec. 1.170A-13(a)(2)(i), Income Tax Regs.

Petitioner proffered "receipts" purportedly confirming charitable contributions. They were inconsistent and unreliable. Representatives from seven different charitable organizations credibly testified that the receipts were altered or fabricated. For example, petitioner offered a receipt purportedly substantiating $12,500 of charitable contributions to a religious organization. The purported receipt, however, identified individuals other than the couple as the donors. The organization's records did not reflect any contributions made by the couple and confirmed that the other identified individuals had contributed $12,500. Other purported receipts also appeared to have been tampered with and were suspect. None of the organizations' records verified any charitable contributions the couple claimed for the years at issue. Nor did the couple's bank statements corroborate the amounts the couple claimed they contributed. Further, Mr. Quinn did not recall making any of the purported contributions. In each instance, petitioner failed to offer reliable substantiation. We therefore conclude that petitioner is not entitled to any deduction for claimed charitable contributions of $48,116 for the years at

issue except the nominal amounts respondent conceded, which consisted of $175 for 2006 and $10 for 2007.

### C. Medical and Dental Expenses

Next, we turn to the medical expense deductions petitioner claimed. An individual taxpayer is permitted a deduction for expenses paid during the tax year for medical care of the taxpayer, the taxpayer's spouse or the taxpayer's dependent to the extent that such expenses exceed 7.5% of adjusted gross income. Sec. 213(a).

Petitioner similarly failed to substantiate the claimed medical and dental expenses. Some of her documentation also suffered from authenticity problems and appeared to have been "doctored." Petitioner offered three documents purportedly issued by Dr. Christopher Ajigbotafe or his staff confirming more than $9,000 in medical expenses for Mr. Quinn. Each document, however, spelled the doctor's last name differently ("Ajigohotafe," "Ajibotafe" and "Ajigbotafe"). One "statement" was dated in January 2006 and estimated expenses for the upcoming year. The amount of expenses for 2007 contained in another "statement" was contradicted by a letter purportedly from the doctor's staff. None of the documents appeared authentic or showed that the couple paid any of the purported medical costs.

Nor was Mr. Quinn able to corroborate that Dr. Ajigbotafe treated him during the years at issue. We find these documents to be fabricated.

Petitioner presented other hospital, doctor and pharmacy statements in an attempt to substantiate the claimed medical and dental expenses. The statements set forth the providers' charges. They did not reflect, however, that the couple paid the charges. Petitioner's banking records also did not verify that the couple paid the expenses.[4] Thus, petitioner failed to meet her burden to substantiate the claimed medical and dental expenses of $47,542 other than $30 for 2007 that respondent conceded.

D. Dependency Exemptions

We now turn to the claimed dependency exemptions for the years at issue. As previously mentioned, respondent bears the burden of proof on this issue.

1. Qualifying Children

A taxpayer is allowed an annual exemption deduction for each "dependent." Dependent for this purpose is defined in section 152. Sec. 151(c). The term "dependent" includes a qualifying child and a qualifying relative. Sec. 152(a). As

---

[4]Respondent reconstructed petitioner's financial history by comparing claimed expenses with bank statements for the years at issue. Check numbers identified on receipts did not correspond with the check numbers honored by the couple's bank during the years at issue. Petitioner did not demonstrate that she or her husband paid any of these medical or dental expenses.

relevant here, a "qualifying child" of the taxpayer is an individual that is a child of the taxpayer, had the same principal place of abode as the taxpayer for more than one-half of the tax year, met certain age requirements, and has not provided over one-half of such individual's own support for the tax year. Sec. 152(c)(1). An individual that has not attained the age of 19 at the close of the calendar year satisfies the age requirement. Sec. 152(c)(3)(A)(i). A full-time student that has not attained the age of 24 by the close of the calendar year also meets the age requirement. Sec. 152(c)(3)(A)(ii).

Respondent contends that petitioner's sons did not meet the age requirements of section 152.[5] We agree. Respondent demonstrated that the sons were older than 19 during the years at issue. Petitioner argues that each was a full-time student yet has provided no substantiation. There is no basis in the record to conclude that petitioner's sons met the age requirement. We note that the couple claimed their two adult daughters even though, as petitioner conceded, neither met the age requirement. Petitioner has repeatedly attempted to obstruct the resolution

---

[5]Respondent does not dispute that petitioner's sons met the relationship and abode requirements. Respondent alleges that the support requirement has not been met. We need not consider these requirements because the record does not support that either son met the age requirement.

of this matter, including shielding information relevant to this issue.[6]  Consequently, we also accept the assertions in the amendment to the answer that the couple's sons did not meet the age requirement.  Accordingly, petitioner is not entitled to dependency exemption deductions for Michael for 2006 and Marlon for the years at issue.

### 2.  Qualifying Relative

We now focus on whether petitioner may claim her mother as a dependent for the years at issue.  A taxpayer may also claim a qualifying relative as a dependent. Sec. 151.  The taxpayer must provide more than one-half of the individual's support to claim a dependency exemption for a qualified relative.[7]  Sec. 152(d)(1)(C). Social Security benefits, although excludable from gross income in certain

---

[6]We require that parties resolve as many issues as possible before trial.  See Rules 91, 123(a).  Parties that violate the Rules are subject to sanctions.  See Rules 104(c), 123(a).  Petitioner failed to respond to requests for production of documents that sought documentation related to the sons' support and status as full-time students.  We granted respondent's motion to compel and ordered petitioner to respond.  We warned petitioner that we would impose sanctions under Rule 104 if she did not comply.  She has not provided any substantiation, despite claims in her post-trial brief otherwise.  As a result of petitioner's failure to provide information related to this issue, the matters that respondent asserted in his amendment to the answer will be deemed established.  See Rule 104(c); cf. Cochrane v. Commissioner, 107 T.C. 18, 26 (1996).

[7]Respondent concedes that the other requirements of section 152(d) have been met.

circumstances, are considered when calculating the total amount of an individual's support. Sec 1.152-1(a)(2)(ii), Income Tax Regs.

Ms. Mitchell's Social Security benefits exceeded the support petitioner provided. Petitioner did not provide Ms. Mitchell with more than half of her financial support. In fact, petitioner provided less than 5% of her mother's income for each year at issue. Accordingly, petitioner was not entitled to a dependency exemption deduction for her mother for the years at issue.

## II. Fraud Penalty

We now consider whether petitioner is liable for the fraud penalty under section 6663. The Commissioner must prove by clear and convincing evidence that the taxpayer underpaid his or her income tax and that some part of the underpayment was due to fraud. Secs. 7454(a), 6663(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 646 (1994). Fraud is a factual question to be decided on the entire record and is never presumed. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983); Beaver v. Commissioner, 55 T.C. 85, 92 (1970). For each tax year, it must be established by independent evidence. See Daoud v. Commissioner, T.C. Memo. 2010-282 (citing Niedringhaus v. Commissioner, 99 T.C. 202, 210 (1992) and Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989)). Once the Commissioner has established by clear and convincing evidence that any portion of

an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment that the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud. Sec. 6663(b); see Foxworthy, Inc. v. Commissioner, T.C. Memo. 2009-203.

The Commissioner must show that the taxpayer acted with specific intent to evade tax that the taxpayer knew or believed he or she owed by conduct intended to conceal, mislead or otherwise prevent the collection of the tax. Sec. 7454; Recklitis v. Commissioner, 91 T.C. 874, 909 (1988); Stephenson v. Commissioner, 79 T.C. 995, 1005 (1982), aff'd, 748 F.2d 331 (6th Cir. 1984). Direct evidence of fraud is seldom available, and its existence may therefore be determined from the taxpayer's conduct and the surrounding circumstances. Stone v. Commissioner, 56 T.C. 213, 223-224 (1971).

Courts have developed several indicia or badges of fraud. These badges of fraud include understatement of income, inadequate records, failure to file tax returns, concealment of assets, failure to cooperate with tax authorities, filing false documents, failure to make estimated tax payments, engaging in illegal activity, attempting to conceal illegal activity, dealing in cash, implausible or inconsistent explanations of behavior, an intent to mislead that may be inferred from a pattern of

conduct, and lack of credibility of the taxpayer's testimony. Spies v. United States, 317 U.S. 492, 499 (1943); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601. A taxpayer's intelligence, education and sophistication are relevant in determining fraudulent intent. Scott v. Commissioner, T.C. Memo. 2012-65; Wright v. Commissioner; T.C. Memo. 2000-336. The understatement of income can be shown by an overstatement of deductions. See Daoud v. Commissioner, T.C. Memo. 2010-282 (citing Hicks Co. v. Commissioner, 56 T.C. 982, 1019 (1971), aff'd, 470 F.2d 87 (1st Cir. 1972)). Although no single factor is necessarily sufficient to establish fraud, a combination of several of these factors may be persuasive evidence of fraud. Solomon v. Commissioner, 732 F.2d 1459, 1461 (6th Cir. 1984), aff'g per curiam T.C. Memo. 1982-603.

Our analysis starts with a fact that permeates the entire record. Namely, petitioner is an experienced tax compliance officer that remains employed by the IRS. Petitioner should have a complete understanding of substantiation requirements. Despite her background, petitioner has presented altered or fabricated documentation in an attempt to deceive respondent and the Court.

She understated her income by claiming deductions she was not entitled to claim for each year at issue. Even if we accepted her purported records (which we

do not), she still claimed significantly more contributions and expenses than her questionable records supported. It is incredible that a tax compliance officer would be able to substantiate only $185 of charitable contributions yet claim charitable contributions of $48,116 for the years at issue. The charitable organizations confirmed that petitioner claimed contributions that she had not made. It is equally troubling that she was able to substantiate only $30 of the $47,542 of medical and dental expenses claimed.

Petitioner's records were also incomplete or inauthentic and consistently unreliable. Her employment with the IRS made available other taxpayer records substantiating claimed Schedule A deductions of the types at issue here. While we cannot be certain of the source, we find that some (if not most) of petitioner's records for each year at issue were altered. Unexplained inaccuracies in other documents imply that petitioner fabricated receipts for both years at issue. Even documents that appeared genuine did not substantiate that the couple actually incurred those costs or expenses.

Her testimony and assertions in the post-trial brief were also inconsistent and implausible. Petitioner maintained she was unaware of the requirements for accurately stating and substantiating income. We find this incredible. In contrast, the credible testimony of her supervisor, her husband and representatives of the

charitable organizations contradicted petitioner's records, testimony and assertions.

Finally, petitioner did not cooperate with respondent as she canceled several hearings, ignored discovery requests and obstructed her husband's deposition. She failed to provide originals when respondent doubted the authenticity of photocopied documents. Petitioner systematically attempted to obstruct respondent's inquiries. She has not acted in accordance with her experience as a tax compliance officer and she has grossly misrepresented her tax liabilities for the years at issue.

In toto, several of the badges of fraud apply to petitioner. We conclude that respondent has proven by clear and convincing evidence that petitioner fraudulently underpaid her tax liabilities for each of the years at issue. Accordingly, we find that petitioner is liable for the fraud penalty under section 6663.[8]

---

[8]Respondent alternatively requested we impose an accuracy-related penalty under section 6662. In light of our finding of fraud, we need not consider the accuracy-related penalty.

In reaching these holdings, we have considered all of the parties' arguments, and, to the extent not addressed here, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u> <u>Rule 155</u>.